# CARPENTER v. STRANGE.

ERROR TO THE SUPREME COURT OF THE STATE OF TENNESSEE.

No. 267. Argued March 26, 1891. — Decided May 25, 1891.

The objection that the record of proceedings in a court of record offered in evidence should not be received in evidence, on the ground that the transcript was incomplete, or was improperly authenticated, should be raised in the court below; and if not raised there cannot be taken here for the first time.

In an action in the Supreme Court of New York (the court having jurisdiction of the parties) between two sisters, the defendant being sued in her representative capacity as testatrix of her father's will, the matters in controversy were: (1) whether the plaintiff had accepted or rejected a provision made for her by her father's will; (2) whether she was entitled to recover from her father's estate an amount claimed to be due on account of a fund which came to him as trustee for her, and which he had never accounted for; and (3) whether a certain conveyance of real estate in Tennessee made by the father in his life-time to the defendant should be adjudged to be fraudulent, and be vacated. That court, after hearing the parties, adjudged (1) that the plaintiff had not accepted the provision so made for her; (2) that the plaintiff was entitled to recover the full amount so claimed; and (3) that the deed was " absolutely null and void, from the beginning," so far as it affected the testator's said indebted-

ness.  A litigation in equity then took place in Tennessee, in which the plaintiff and defendant in New York were, respectively, plaintiff and defendant.  There were other parties, whose presence was not material to the points here decided.  This litigation resulted in the Supreme Court of Tennessee deciding: (1) That the plaintiff had elected to take the share so devised to her; (2) that having so elected she was not entitled to recover on her claim; (3) that the Supreme Court of New York was without power to adjudge the conveyance by the testator to the defendant of lands in Tennessee fraudulent and void, or to annul the same.
*Held* :

(1) That this decree did not give to the judgment of the Supreme Court of the State of New York the full faith and credit to which it was entitled under the Constitution as to the 1st and 2d points so decided;

(2) That, as to the third point, the courts of New York had no power to decree that a deed of land Tennessee was null and void.

In 1857, William Newton Mercer conveyed certain lands in Illinois to Ayres P. Merrill, in trust for the latter's daughter, Anna M., to the sole and separate use of said Anna M., and the heirs of her body, free from the control, debts, liabilities or contracts of any husband she might have, with power in the trustee to sell and dispose of the same, in whole or in part, and reinvest the proceeds in either real or personal property, to be held for the same uses and purposes and upon the same trusts, and providing that in the event of the death of Anna M., leaving no surviving issue, the property so conveyed in trust or the proceeds thereof, should descend to her brother, William Newton Mercer Merrill, and be held by the trustee or his successor for the use and benefit of the said William upon the same conditions and trusts, with power of appointment.

A. P. Merrill sold and conveyed the lands described in the deed in 1861 and 1864, for an aggregate of $6200, but never accounted to said Anna M., or any one for her, for the amounts received and interest.

Anna M. subsequently intermarried with one Carpenter, now deceased.

A. P. Merrill had resided in Memphis, Tennessee, and subsequently became a citizen of the State of New York, where he died in November, 1873, leaving there some personalty and holding title at the time to a considerable amount of real

estate in Memphis. In December, 1867, Merrill executed a deed to another daughter, Mrs. Strange, dated December 3, and acknowledged December 27, of lot 59, Madison Street, Memphis, without valuable consideration, and which was not recorded until December 27, 1873, after Merrill's decease.

In 1871 Merrill made his last will and testament.

By the first item, he bequeathed to Mrs. Carpenter a life estate in lot No. 98, Madison Street, Memphis " upon condition that she renounce all claim upon my estate for moneys accruing from the sale of a tract of land in Illinois conveyed to me in trust for her benefit by Dr. W. N. Mercer," and upon her decease or declining the condition, it was provided that the property be sold " for the benefit of the daughters then surviving of my several daughters."

By the second item he devised to Mrs. Strange lot No. 59, Madison Street, being the same lot described in the deed of December, 1867; and also all his personal property.

By the third item he bequeathed to Mrs. Strange certain moneys in trust for his grandchildren.

The fourth item was: " All other property may be sold for the benefit of my own children, equally, who may survive me."

By the fifth item he appointed Mrs. Strange sole executrix, without bond, and requested her to give to his son and three grandchildren certain specified articles.

Mrs. Strange was a citizen of New York, and there proved the will and qualified as executrix in February, 1874.

Shortly after the letters testamentary issued, Mrs. Carpenter, also a citizen of New York, brought suit in the Supreme Court of that State against Mrs. Strange, as executrix, for the recovery of the trust moneys.

The amended complaint alleged the decease of A. P. Merrill in December, 1873, testate; that Mrs. Strange was sole executrix; that the will was admitted to probate in February, 1874, a copy being annexed; set up the trust created in 1857 by Mercer; the sale by Merrill of the lands and the receipt of the money; charged that Merrill converted the money to his own use, and that it became absorbed in his business and

materially enhanced the value of his estate; that he had rendered no account to her of the trust estate; and that he left real estate of large value in Memphis, and large sums of money and personal property in New York.

She then set forth the clause of the will in relation to No. 98 Madison Street, and stated "that she has not renounced said claim, so as aforesaid required to do, nor has she refused to renounce said claim, for the reason that plaintiff claims that by virtue of the deed of trust it is impossible for plaintiff to release said trust funds, and for the further reason that such a condition as aforesaid required is against conscience and justice." She further alleged that Mrs. Strange was unfit for the position of trustee, and that her interests were opposed to plaintiff's interests; that at the time of Merrill's death plaintiff was informed and believed he was free from debt, except plaintiff's claim for the trust moneys and other money she had put into his hands in trust, and a balance due her brother William for money held upon a similar trust created by Mercer simultaneously with that in plaintiff's favor, and that if any debts had existed they had been paid except as aforesaid. She charged that the executrix refused to account for these sums of money, and denied the liability of the estate for the same, and in proving the will claimed and declared that she owned as devisee the real estate specifically devised to her, but suppressed mention of the fact that a deed of the same property had been made to her. Complainant further alleged that if the deed of December, 1867, was obtained at all from the testator, it was so obtained by collusion with him and for the "fraudulent purpose of defeating the collection of the plaintiff's just and legal claim against the estate of the said testator, and to take so much of his estate as said property represents from liability to said claim," and plaintiff alleged and charged that said "conveyance was made without any valuable consideration in law;" that said deed, if made at all, was made while the trust existed and was a just claim and lien against testator's estate; and that Mrs. Strange had notice and knowledge thereof.

Plaintiff prayed that the court might adjudge and decree

that the bequest of the life estate " be taken and held free from all and every condition thereunto attached in said will; that the said condition be decreed as void, and that the title to the life estate be absolutely vested in this plaintiff, and that she be relieved from renouncing any claim for said trust money, and that the trust estate be declared unaffected by said condition in said will and a charge upon the estate of the said testator;" that Mrs. Strange, executrix, be compelled to account; that the deed from Merrill to Mrs. Strange be set aside and be declared inoperative and void and of no effect, as against the claims of plaintiff against testator's estate; and that the sums of money found due plaintiff be made a lien on the property described in the deed to Mrs. Strange and in the will, and the decree be enforced against the same; that the cause be referred, and Mrs. Strange compelled to account as the representative of A. P. Merrill as trustee, and a suitable trustee be appointed to carry out the trust; that on the rendition of the account, the sums reported due be paid over to the trustee or to the *cestui que trust,* as the court should direct; and for general relief.

Mrs. Strange was personally served and answered fully. She denied the trust; alleged that the trust moneys had been paid over to plaintiff; averred that testator's personalty was insignificant; set up a counter-claim; alleged the validity of the deed of Merrill to herself; and as to the devise to plaintiff, insisted that it ought to be taken and accepted by plaintiff as a complete satisfaction of all her claims against Merrill's estate, and that there was no obstacle to plaintiff's renunciation of such claims; and further alleged that decedent was solvent and had sufficient property to pay his debts aside from the real estate conveyed to her; and also set up the statute of limitation. She prayed that the complaint be dismissed as to her individually as well as executrix, and for judgment on her counter-claim as executrix; " and that it may be adjudged and declared by this court herein that the devise to, and the provisions made for, the plaintiff by said last will and testament was and is, as it was intended by said testator to be, in full satisfaction of any and all claims and demands which the

plaintiff had against him at the time of the death of the testator or now has against his estate, or against this defendant in her capacity of executrix of his last will and testament; that in the event that the plaintiff shall elect to take, or in the event that it shall be adjudged that plaintiff take and accept, the devise contained in said last will and testament so intended to be in satisfaction of all her claims and demands against the estate of said testator, the plaintiff in that case be required and directed by the judgment of this court to execute and deliver to this defendant, in her representative capacity, as the executrix of said last will and testament, and also to this defendant in her individual capacity, a release in due form of law of this defendant and the estate of said testator from all her claims and demands, as in said last will and testament provided, as to the testator's estate; and that in the event that plaintiff shall not elect to take or accept, nor be required to take or accept, the devise to and provisions for her contained in said last will and testament, and it be found that the plaintiff is entitled to an accounting as to said alleged trust estate as found, and to recover any amount for or on account thereof, this defendant prays that in such case" her counter-claim be set off against such recovery.

To this answer a special replication was filed.

The cause was referred on January 29, 1880, to a referee, who made his report July 1, 1880, whereupon it was ordered and adjudged:

"1st. That Anna M. Carpenter, the plaintiff in this action, do recover of or against the estate of the said Ayres P. Merrill, deceased, and of the executrix as such, or of any person or persons having the possession, custody or control of said estate or part thereof, the sum of sixteen thousand four hundred and thirty-six dollars and seventy cents, hereby adjudged to be due to plaintiff, or so much thereof as said estate or any part thereof will pay.

"2d. That all of the above-mentioned sum of $16,436.70 be paid to the said plaintiff or her said attorney, except sixty-two hundred dollars thereof, which last-mentioned sum shall be paid to a suitable person to be appointed by said court as,

trustee for the purposes above referred to, and that such appointment be made on notice by plaintiff to defendant, William N. M. Merrill, or his attorney herein.

"3d. That the above-mentioned deed of conveyance by Ayres P. Merrill to Maria E. Strange is hereby adjudged to be absolutely null and void from the beginning, so far as the same in anywise affects the above-mentioned indebtedness of said estate to said plaintiff.

"4th. That any bequest or devise in said last will and testament of said Ayres P. Merrill contained in favor of any person or persons whatever is subject to the payment of the whole amount above-mentioned as due from said estate to plaintiff, and to interest thereon at the rate of six per cent per annum until paid.

"5th. That plaintiff have execution against the property which was of said Ayres P. Merrill at the time of his death for the amount last above-mentioned, and interest thereon until paid, besides sheriff's fees and expenses as provided by law."

On January 15, 1875, Mrs. Carpenter filed a bill in the Chancery Court of Shelby County, Tennessee, No. 1805, against Mrs. Strange as executrix, setting forth in substance the same matters as alleged in her suit in New York, and praying, among other things, that the real estate be attached and held "to secure the recovery that complainant may recover on account of this suit or any other one complainant has brought or may bring on account of the premises set forth."

The writ of attachment was issued as prayed for and levied upon the real estate described.

The bill was taken *pro confesso* April 30, 1875, and a receiver appointed. In October this decree was set aside upon the motion of Mrs. Strange and she filed a full answer. On the 14th of February, 1876, the receiver was, on her motion, discharged from exercising custody and control over lot No. 59, and directed to deliver possession thereof to her, but it was ordered that the discharge should in no way affect the attachment of the property.

In January, 1881, Mrs. Strange caused the will of her father

to be probated in Tennessee, where she had then taken up her residence, and letters were issued to her there.

On February 2, 1881, Mrs. Carpenter filed her bill in the Chancery Court of Shelby County, Tennessee, No. 3912, against Mrs. Strange as executrix and individually, and the heirs, distributees and legatees under Merrill's will. This bill set forth the death of Merrill in New York in November, 1873, testate; the probate of the will in February, 1874, by Mrs. Strange; and its probate in Tennessee in January, 1881; and that complainant had "never renounced her claim upon the testator's estate and has never claimed anything under said will or received anything." She averred that she was a creditor of said estate on account of trust funds received by Merrill in his lifetime, and that the claim had been reduced to judgment in a suit brought against Mrs. Strange, as executrix, in the Supreme Court of the county and State of New York, which judgment was for the sum of $16,436.70. A certified copy of the record in the New York case was made an exhibit to the bill and prayed to be taken as a part thereof.

It was then stated that Mrs. Strange became possessed of Merrill's property soon after his death; that complainant, being informed that Mrs. Strange had qualified as executrix in Tennessee, filed her bill, No. 1805, against her as such executrix to recover the amount due from Merrill, and among other things sought to attach the real estate of the testator, and that it was attached and a receiver appointed; that by the said proceedings she sought to impound the real estate and hold it subject to the judgment sought to be recovered in New York against the estate and Mrs. Strange, who was a nonresident of Tennessee, and said suit No. 1805 was ancillary and auxiliary to the suit in New York; that judgment was recovered in the latter; and that there was no need of proceedings to recover judgment in No. 1805.

Complainant further alleged that Mrs. Strange had been collecting rents of all the real estate in Tennessee, and as to lot No. 59, the New York court, in the suit referred to, had declared the deed to her of that lot fraudulent and void. Complainant reiterated that she was a creditor of the estate

of Merrill in the sum of over $16,000 by judgment recovered,
to the record of which she again referred, and said that "she
seeks to recover on said judgment just as if specially sued on
in a law court. Said judgment is still owned by complainant
and is unsatisfied and unpaid, together with cost and interest.
Complainant believes there are other creditors of said estate,
the names of whom and the amounts due same she has not
been able to learn."

Complainant charged that the insolvency of the estate had
been duly suggested in the county court of Shelby County;
that the personalty had been exhausted in the payment of
debts, and that there remained nothing but the real estate to
pay such debts; and averred that she "files this bill in behalf
of herself and all other creditors and persons interested in the
estate who may wish to come in and be parties herein." Com-
plainant further represented that lot No. 59 had become, by
virtue of the judgment of the New York court, assets of Mer-
rill's estate, and liable for the payment of debts, together with
the other real estate, and prayed that the administration and
settlement of the estate be transferred from the county court
to the Shelby chancery court; that an account of the assets
and liabilities be begun, and a settlement had with Mrs.
Strange as executrix, and that she pass her accounts and set-
tlement in the latter court; that Mrs. Strange be made to
account for the money left her in trust; that the legatees
under the will account for legacies turned over to them and be
postponed until the debts were paid; that the creditors and
others interested be permitted to become parties to the pro-
ceedings; that the clerk and master make publication for all
creditors to file their claims on or before the 15th of May,
1881; that the judgment recovered by the complainant in
New York be allowed and a decree rendered thereon against
the estate; and that the realty be sold to pay complainant's
claim, and also any other *bona fide* debts and claims. Com-
plainant further prayed that the receiver in charge of part of
the property be put in charge of lot No. 59, and that the
receiver in No. 1805 be made and continued receiver in this
case; that a new trustee be appointed to manage the trust

fund recovered for complainant in the suit in New York, under the control and supervision of the court; and for general relief.

Publication of notice to creditors to prove their claims was thereupon ordered. All parties defendant appeared, and the minor heirs, by their guardian *ad litem*, moved to dismiss so much of the bill " as seeks to enforce the alleged rights of complainant as a devisee of A. P. Merrill, deceased, for the reason that it appears by the bill that the devise to complainant was conditioned upon the renunciation by her of all claim against the estate of said testator for the fund held by him in trust for complainant. The bill not only fails to show a compliance with this condition, but affirmatively shows the contrary, to wit, that complainant has elected to claim and sue for said trust fund. The bill shows no sufficient reason for non-compliance with the said condition, nor for setting it aside as null and void." This motion was heard by the court and overruled, the order reciting that the " solicitors for Mrs. Carpenter insisted that no such claim was asserted, and that for their client they disclaimed any right or purpose to hold or claim a devise under the will." A motion by Mrs. Strange to dismiss the bill in No. 3912, because of the pendency of the other bill, was overruled as premature.

Mrs. Strange answered as executrix and in her own right, admitted that she had made no settlement as executrix in New York, and that the personalty was disposed of, and among other things pleaded and relied upon, as executrix and individually, the statutes of limitation of the State of Tennessee, and as executrix that no personal assets whatever had come to her hands to be administered in Tennessee; and she further averred that the bequests in item No. 3 of the will had not been paid, either in whole or in part; claimed lot No. 59 as her own under the deed made to her in 1867, and stated that the will left no realty belonging to Merrill except Nos. 98 and 100 Madison Street. Answers were filed for the other defendants, adopting Mrs. Strange's answer, and pleading all of the statutes of limitation of the State of New York and of the State of Tennessee applicable in any way to the case. The answer of the minors submitted their case to the

court, and also relied on the statutes of limitation.  W. N. M. Merrill filed a claim in the suit, setting forth a trust created by Mercer in 1857, by conveyance to A. P. Merrill for the benefit of claimant, and that the lands described in the conveyance were sold in 1860 for $6000 or thereabouts.  And he insisted that any surplus remaining after the payment of the judgment in favor of his sister Anna M. should be paid into court in trust for him and the heirs of his body, or for his sister Anna M. in default of such heirs.

By consent of the parties the two cases, Nos. 1805 and 3912, were consolidated and ordered to be heard together, and upon the hearing an authenticated copy of the record, proceedings and judgment in the Supreme Court of New York in the case of *Carpenter* v. *Strange, Executrix, et al.*, which has been hereinbefore referred to, and was filed as an exhibit to the bill in No. 3912, was put in evidence.  This transcript, although the record in this court shows that the suit in New York was brought shortly after February, 1874, commences with an amended summons, dated March 19, 1878, and an amended complaint, which was sworn to cn that day.  The caption runs in the name of the people of the State of New York and recites that they "having examined the records and files in the office of the clerk of the county of New York and clerk of the Supreme Court of said State for said county, do find a certain judgment roll there remaining in the words and figures following, the same being a full and perfect record, to wit," (and then follows the record) and the conclusion is: "All of which we have caused by these presents to be exemplified and the seal of our said Supreme Court to be hereunto affixed."  This is tested in the name of the presiding justice of the Supreme Court for the city and county of New York and subscribed by the clerk and the seal of the court affixed, and accompanied by the certificate of said justice to the effect that the clerk whose name was subscribed to the exemplification was the clerk of the county of New York and of the Supreme Court, duly appointed and sworn, and that full faith and credit were due to his official acts, and that the seal affixed to the exemplification was the seal of the Supreme Court and the attestation

was in due form of law; and a further certificate of the clerk was attached under the seal of the court, that the judge who certified was presiding justice of the Supreme Court.

When the record of the New York court was offered in evidence in No. 3912, counsel for the defendants objected to its admission "upon the ground that neither the executrix in Tennessee nor the heirs or legatees were bound by it, and that it was incompetent and inadmissible as evidence in this cause for the reason that it was not in any way binding upon said respondents in this proceeding, and for the further reason that the said record shows upon its face that the judgment was erroneous and ought not to have been rendered." The chancellor, however, admitted the record, and, being of opinion that Mrs. Carpenter was entitled to recover from Mrs. Strange, executrix, according to the tenor and effect of said proceedings and judgment, decreed that she recover the sum of $16,436.70 with interest. The chancery court further held that the statutes of limitation constituted no valid defences against the recovery; and further held and decreed "that the filing of this bill was an election by complainant to renounce all benefit under the will of said Merrill, and she is barred and precluded from ever claiming anything under its provisions." It was further ordered that a trustee be appointed to receive and control $6200 of the recovery when realized, according to the terms of Mercer's deed of settlement for the benefit of complainant, and that the balance of the recovery belonged to Mrs. Carpenter as her own individual property; and that this branch of the cause be referred to a master to take proof and report: (1) What assets have come or should have come to the hands of said executrix in this State. (2) What debts are due and owing to the creditors of said Merrill, deceased. (3) What realty belongs to said estate, and upon what terms should a sale be made. (4) What debts of said Merrill have been paid in this State.

The chancellor further ordered that upon the third inquiry either party might submit proofs as to the ownership of lot No. 59, the court refusing to set aside the deed to Mrs. Strange by force of the judgment or decree in the New York court,

holding that the order of that court declaring the deed void was inoperative in this case, and reserving the question as to its validity as to complainant and other creditors of Merrill, and also all other questions not adjudged, including costs.

The record in No. 1805 was read by defendants upon the hearing.

An appeal to the Supreme Court of the State was taken by the defendants from so much of the decree in No. 3912 as awarded a recovery to complainant against Merrill's estate, and ordered the settlement of the accounts of his personal representative; and by complainant from so much of that decree as refused to declare the deed of Merrill to Mrs. Strange void by force of the New York judgment.

In No. 1805 the court ordered complainant's bill to be dismissed, and an appeal was prayed therefrom. The appeals having been duly prosecuted, the cases were referred to commissioners under the Tennessee practice, who made an elaborate report, holding that the chancellor erred in not decreeing that the deed to Mrs. Strange was void as to Mrs. Carpenter's debt, and that he should have held the land therein conveyed liable and subjected it to the payment of her debt; and also that the bill in No. 1805 should not have been dismissed except without prejudice, and, with these modifications, that the decree should be affirmed and the cause remanded for further proceedings, the estate wound up and administered as an insolvent estate, and, upon exhaustion of the personalty, that the lands should be sold to pay the debts.

Exceptions were filed to the report of the commission, and the Supreme Court of Tennessee heard the cause upon the chancery court record and the report and exceptions, and April 16, 1887, set aside the report and reversed the decree of the court below, but on the 20th of April, on motion of the defendants, vacated that decree and entered another in lieu and stead thereof, which stated that the court was of opinion (1) That the record of the proceedings in New York was fatally incomplete and defective in that the transcript commenced with an amended complaint, and because the certificate was insufficient; (2) That the New York court had no power or jurisdiction to

adjudge the conveyance by Merrill to Mrs. Strange fraudulent and void as to creditors, and did not have power, by force or virtue of its judgment or decree alone, to annul Mrs. Strange's claim of title under said conveyance.

"III. That upon the pleadings, proceedings and evidence as the same appear in the transcript of this cause the complainant has elected to claim, assert and sue for a life estate, under the devise of the same to her in the first item of the will of said A. P. Merrill, in and to the property described in said will as 'the western portion of the double tenement purchased of Adlai O. Harris, being the house and lot No. 98, on Madison Street, Memphis, Tennessee;' and that by the terms of said will said devise to complainant was made upon condition that said complainant should renounce and surrender the claim against the estate of said testator for which she sues in these proceedings, and that complainant, having thus elected to claim and assert title as devisee under said will, must give effect to and perform the condition upon which said devise to her was made, and must renounce and surrender her said claim against the testator's estate.

"Complainant, therefore, is entitled to recover a life estate in the premises as aforesaid, but is not entitled to recover upon her alleged money demand against the testator's estate, as shown in the record.

"IV. The several questions arising upon the record touching the alleged bar of the statute of limitations, the force and effect of the money judgment rendered in the court of New York in favor of complainant and against defendant, Maria E. Strange, as executrix of said will, and whether said judgment, if duly authenticated and admitted in evidence, would be conclusive or of *prima facie* force only against the executrix of the same will in Tennessee, and the further question whether said judgment in New York against the executrix there qualified would be of any force, either *prima facie* or conclusive, as against the heirs or devisees of the realty in Tennessee, or whether the said proceedings in New York would, as against said heirs or devisees, operate to arrest the running of the statutes of limitation of this State, the court does not deem it necessary here to pronounce any opinion."

A final order and decree was then rendered in accordance with these propositions and the cause remanded to the Chancery Court of Shelby County with directions. A petition for rehearing was made and .overruled, and a writ of error allowed to this court.

*Mr. Henry Wise Garnett* for plaintiff in error. *Mr. James M. Baldwin* was on the brief.

*Mr. W. Hallett Phillips* for defendant in error.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

No objection was made in the Chancery Court of Shelby County to the record of the proceedings in the Supreme Court of New York upon the ground that the transcript was incomplete or not properly authenticated. If the objections were well taken, they were removable, and they should have been raised in the court below. The record was, however, in our opinion duly exemplified, Rev. Stat. § 905; *Maxwell* v. *Stewart,* 22 Wall. 77; and was in itself complete.

The judgment or decree of the New York court was entitled to the same credit and effect in the State of Tennessee that it had in the State of New York where it was rendered. Did it receive it?

Mrs. Carpenter, Mrs. Strange and A. P. Merrill were all citizens of New York at the time of the death of the latter and the probate of his will. The action was commenced against Mrs. Strange as executrix, upon personal service, and she appeared and answered the complaint. That complaint alleged that A. P. Merrill was indebted to the plaintiff for certain trust moneys belonging to her which he had converted to his own use, and that he had conveyed to Mrs. Strange certain real state in Tennessee under such circumstances as caused the deed to be inoperative and void as against plaintiff's claim. And it was further averred that A. P. Merrill had devised a life estate to plaintiff in certain real estate upon

condition that she would renounce her claim for the trust
moneys; and that she had not renounced, nor had she refused
to renounce, because others were interested in the trust fund,
and for the further reason that the condition was against con-
science and justice. She therefore prayed for a decree against
the defendant as executrix for the trust moneys; that the con-
dition annexed to the devise be declared void, and the title to
the real estate named be vested in her freed therefrom; and
that the deed of Merrill to Mrs. Strange be declared void as
against plaintiff's claim.

Mrs. Strange answered the complaint fully, and among
other things denied the existence of the claim, alleged the
validity of the deed of Merrill to herself, and as to the devise
to plaintiff of the life estate, insisted that that devise ought to
be taken and accepted by plaintiff as a full satisfaction of her
claims against Merrill's estate, and prayed that it be so ad-
judged and decreed, and that plaintiff be compelled to release.
The parties being thus at issue before a court of competent
jurisdiction, the decree of that court put an end to the contro-
versies properly litigated between them. There was no ques-
tion but that the Supreme Court of New York had complete
jurisdiction over the person and over the subject matter, unless
in reference to the deed made by Merrill to Mrs. Strange,
which involves questions requiring separate consideration.
The judgment or decree was that Mrs. Carpenter recover
against the estate of the decedent, and of the executrix as
such, the sum of $16,436.70; that the conveyance by A. P.
Merrill to Mrs. Strange was void so far as it affected the
indebtedness of the estate to Mrs. Carpenter; and that any
bequest or devise in A. P. Merrill's will in favor of any person
or persons whatever was subject to the payment of the judg-
ment. In the New York suit and in the bills of complaint in
the Chancery Court of Shelby County, Mrs. Carpenter made
substantially the same allegations in regard to the devise and
its condition, and Mrs. Strange the same defence, insisting not
that Mrs. Carpenter had elected, but that she ought to be com-
pelled to accept the devise in full satisfaction of all claims and
demands that Mrs. Carpenter had against Merrill at the time

of his death, or now had against his estate, or against Mrs. Strange in her capacity as executrix.

By the New York judgment Mrs. Carpenter's prayer that the devise should be freed from the condition, and Mrs. Strange's that Mrs. Carpenter should be required to accept the devise with the condition, were both in legal effect denied. And by the terms of the judgment the plaintiff recovered the amount of the trust money. This she could not have done if she had elected to take under the will, which would have subjected her to the operation of the condition. That judgment was a judgment *de bonis testatoris,* and it became Mrs. Strange's duty as executrix to apply the property of the testator wherever situated to the payment of the judgment.

There is no doubt whatever that a Federal question is presented by the record, but it is said that, conceding this, yet the Supreme Court of Tennessee also decided the case upon a question of general law sufficiently broad to support the judgment even if the Federal question was decided erroneously. And the ground thus referred to is that that court held that Mrs. Carpenter could not recover as a creditor of the estate of her father because she had elected to claim under his will as devisee. But that question was not open to the Supreme Court to decide, if it gave full faith and credit to the judicial proceedings of a sister State, since it had already been passed upon and determined by the New York court, whose judgment was put in evidence. That court, as we have already stated, not only refused to sustain Mrs. Carpenter's contention as to the invalidity of the condition, and Mrs. Strange's, that the devise must be accepted, but rendered judgment for the money and thereby determined that Mrs. Carpenter had forfeited her right to the devise. In that suit the parties were the same, the subject matter was the same, the issues were the same, as in this, and the judgment not only bound the estate, but bound Mrs. Carpenter in respect of the devise as well.

The decision before us is exactly to the contrary. It obliterates the judgment, and turns Mrs. Carpenter from a judgment creditor into a devisee. We perceive no ground upon which it was competent for the court to do this. No action

of Mrs. Carpenter appears upon the pleadings, proceedings and evidence, which operated to open up the New York judgment and allow that question to be again passed upon. On the contrary, she asserted her claim as creditor throughout all the proceedings, and her counsel in this case, before the hearing and on the motion that so much of the bill as referred to her alleged rights as devisee be dismissed, disclaimed any right or purpose to hold or claim a devise under the will, and insisted that no such claim was set up.

No question of election proper, where something is given by will to one who is entitled to some other thing disposed of to another, arose in any stage of this litigation. This was a case of an express condition annexed to the devise, upon compliance with which the devisee might take, and not otherwise, and the institution of the suit in New York would appear in itself to have disposed of any right to the devise. *Rogers* v. *Law*, 1 Black, 253. The position that because Mrs. Carpenter may have entertained the idea that the trust money was probably invested in the lot devised, and that the condition was so unjust that it ought not to be enforced, and gave expression to those views in the pleadings on her part in the three suits brought essentially to enforce her money claim, she should, therefore, be subjected to an estoppel, operating as a forfeiture of that claim, certain in every material particular, both as regarded the obligation to elect and the act by which the election was held to have been made, is one to which we cannot give our assent ; but it is enough that the New York judgment was to the contrary, and that that judgment ought to have been respected.

In *Hill* v. *Tucker*, 13 How. 458, it was held that as the interest of an executor in the testator's estate is what the testator gives him, while that of an administrator is only that which the law of his appointment enjoins, executors in different States are, as regards the creditors of the testator, executors in privity, bearing to the creditors the same responsibility as if there was only one executor. And that although a judgment obtained against one executor in one State is not conclusive upon an executor in another, yet it is admissible in

evidence to show that a demand has been carried into judgment, and the other executors are precluded by it from pleading prescription or the statute of limitations upon the original cause of action.

But there the testator appointed different executors in two different States. In the case at bar there was but one executrix, and she was a citizen of the domicil of the testator and of the creditor, and the judgment rendered in that jurisdiction was conclusive against her as executrix when she took out the letters testamentary in Tennessee, because it was a judgment by a court of competent jurisdiction upon the same subject matter, between the same parties and for the same purpose. *Aspden* v. *Nixon*, 4 How. 467.

She was in privity with the decedent as to his property by the terms of the will, and the judgment against her as executrix in New York bound her in Tennessee upon the probate of the will and her qualification there. It is unnecessary to consider whether the legatees or heirs could have made any defence to the judgment upon the merits, for there was no attempt to do so.

But the adjudication of the Supreme Court of New York, that the deed of Merrill to Mrs. Strange was void so far as affecting the indebtedness of the estate to Mrs. Carpenter, rests upon far different grounds. That suit was instituted against Mrs. Strange solely as executrix, and did not purport to implead her individually. The attack upon the deed seems to have been predicated upon the theory that the realty therein described belonged to the *corpus* of the estate, and could only be claimed by Mrs. Strange as devisee, and to have been thrown in as ancillary to the main object of the suit, which was the recovery of judgment for the indebtedness against Mrs. Strange as executrix. But Mrs. Strange claimed title as an individual, and, under the pleadings as they stood, it might well be held that dealing in any way with the real estate was not legitimately within the issues. The objection, however, goes deeper than this.

The real estate was situated in Tennessee and governed by the law of its situs, and while by means of its power over the

person of a party a court of equity may in a proper case compel him to act in relation to property not within its jurisdiction, its decree does not operate directly upon the property nor affect the title, but is made effectual through the coercion of the defendant, as, for instance, by directing a deed to be executed or cancelled by or on behalf of the party. The court "has no inherent power, by the mere force of its decree, to annul a deed, or to establish a title." *Hart* v. *Sansom*, 110 U. S. 151, 155.

Hence, although in cases of trust, of contract and of fraud, the jurisdiction of a court of chancery may be sustained over the person, notwithstanding lands not within the jurisdiction. may be affected by the decree, (*Massie* v. *Watts*, 6 Cranch, 148,) yet it does not follow that such a decree is in itself necessarily binding upon the courts of the State where the land is situated. To declare the deed to Mrs. Strange null and void, in virtue alone of the decree in New York, would be to attribute to that decree the force and effect of a judgment *in-rem* by a court having no jurisdiction over the *res*.

By its terms no provision whatever was made for its enforcement as against Mrs. Strange in respect of the real estate. No conveyance was directed, nor was there any attempt in any way to exert control over her in view of the conclusion that the court announced. Direct action upon the real estate was certainly not within the power of the court, and as it did not order Mrs. Strange to take any action with reference to it, and she took none, the courts of Tennessee were not obliged to surrender jurisdiction to the courts of New York over real estate in Tennessee, exclusively subject to its laws and the jurisdiction of its courts. Story Confl. Laws, § 543; Whart. Confl. Laws, §§ 288, 289; *Watkins* v. *Holman*, 16 Pet. 25; *Northern Indiana Railroad.* v. *Mich. Cent. Railroad*, 15 How. 233; *Davis* v. *Headley*, 22 N. J. Eq. (7 C. E. Green) 115; *Miller* v. *Birdsong*, 7 Baxter, 531; *Cooley* v. *Scarlett*, 38 Illinois, 316; *Gardner* v. *Ogden*, 22 N. Y. 327.

*The judgment of the Supreme Court of Tennessee is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.*