BAILEY, Respondent, vs. TULLY and wife, Appellants.

*December 9, 1942—February 9, 1943.*

For the appellants there was a brief by *Edward J. Hart* of Waupaca, attorney, and *Brazeau & Graves* of Wisconsin Rapids of counsel, and oral argument by *Mr. Theo. W. Brazeau* and *Mr. Hart*.

For the respondent there was a brief by *Browne & Browne* of Waupaca, and *Sanborn, Blake & Aberg;* and *Edwin Conrad,* all of Madison, and oral argument by *W. J. P. Aberg* and *Tom A. Browne.*

WICKHEM, J.    Prior to December, 1930, the property involved in this action was owned by Dan Downey and Maude Downey, his wife.    At about that time Downey and his wife executed a deed of the premises (which also conveyed personal property) to defendant, Russell A. Tully.    This deed was duly recorded on March 11, 1931.    Maude Downey died June 9, 1936, leaving as her heirs Herbert L. Bailey, plaintiff herein, Mary E. Potter, and Mabel L. Howard, the former being a brother, and the latter sisters of the deceased.    Russell A. Tully is a nephew of Maude H. Downey and the son of Mabel L. Howard.    Prior to the death of Maude H. Downey, Russell A. Tully executed a deed reconveying the property to Maude H. Downey.    This deed was dated March 10, 1931, acknowledged August 3, 1931, and was never recorded. Tully married defendant, Annis Tully, on September 6, 1935, and thereafter Russell and Annis Tully executed a deed of

the property to Maude H. Downey. Plaintiff claims that the deeds were delivered to Maude H. Downey for the purpose of conveying the title and beneficial interest to her and that she was the owner of the property at the time of her death. Defendants claim that the deeds were executed to enable Maude H. Downey to sell the property more conveniently as agent of Russell A. Tully, that the deeds were never delivered to Maude H. Downey and did not pass title to the real estate. Defendants, Russell A. and Annis Tully began an action in the state of California against Bailey and Mary E. Potter asking to have the deeds canceled and annulled, and the defendants enjoined from making a claim thereunder. Personal service was had on Herbert L. Bailey and Mary E. Potter in California. The latter appeared and contested the action which resulted favorably to the Tullys in the trial court, a decree ordering a conveyance to the Tullys being entered. After the commencement of the California action, Bailey attempted to start an action in the circuit court for Waupaca county but did not get service until after the trial court had decided the case in California. After getting service in Wisconsin, Bailey appealed the California judgment to the district court of appeals which ruled adversely to him. The original answers in this action were served prior to the determination of the California appellate court and after that decision defendants amended the answer setting up the entire California proceedings as a plea in bar. Mary E. Potter released her claim pursuant to the judgment of the California court and the other heir, Mabel Howard, had released her claim to Tully prior to the institution of the California action. The motion to strike and the court's ruling thereon raise the question whether this court will recognize and give effect to the decree of the California court.

Appellants claim that in the California action the California court had jurisdiction of plaintiff, Bailey, and could clearly compel him to execute a deed of conveyance to defendants; that

it is the law and policy of the state of Wisconsin, as evidenced by the decisions, to enforce a judgment in equity rendered in another state requiring something to be done in respect of real estate in Wisconsin. It is conceded by appellants that the state of California has no jurisdiction, even when it has complete personal jurisdiction of the parties, to render a judgment which affects real estate in Wisconsin. On the other hand, respondent contends that the decree of the California court is not one to which Wisconsin is required, or should give full faith and credit, or the effect of *res adjudicata*. It is further claimed that the findings supporting the judgment are not conclusive. This claim is founded upon the propositions, (1) that the California court could not by its decree transfer an interest in land in Wisconsin; (2) that while the action in the California court was *in personam,* it assumed to quiet title to Wisconsin land.

The sole remaining question, according to respondent, is whether since land is the subject of the action, and since the land was located in Wisconsin, the findings of the California court are conclusive here. In connection with this, respondent contends that the California court, while it had jurisdiction of the parties, did not have jurisdiction of the subject matter, and where a tribunal has no jurisdiction over the subject matter, its findings cannot be accorded the finality of *res adjudicata.*

We are of the view that the trial court was in error. We consider that the land was not the subject matter of the action in California, and that the rule laid down in *McArthur v. Moffet,* 143 Wis. 564, 128 N. W. 445, is not applicable. The rule of that case applies to possessory and proprietary actions and this is neither. In cases governed by *McArthur v. Moffet, supra,* the action and the judgment directly affect the title to land. If it applied here, it would have to be held that the California court was completely without jurisdiction to proceed at all. That the California court had the jurisdiction to entertain an action in equity against the heirs of the

Downey estate if it could get personal service and issue a decree *in personam* requiring them to execute deeds of reconveyance to the property seems to us to be beyond question. Such a decree, of course, may not do more than operate upon the consciences of the defendants. It is enforceable only by proceedings in contempt; it does not directly affect the title to the real estate, except as defendants by obeying the decree and making conveyances may themselves convey title. The law upon the subject is thus set forth in Restatement, Conflict of Laws.

Sec. 97 provides:

"A state can exercise through its courts jurisdiction to order or to forbid the doing of an act within the state, although to carry out the decree may involve doing an act or affecting a thing in another state."

Comment *a:*

"A court will frequently order a party who is subject to its jurisdiction to execute and deliver a deed of land situated in another state."

Comment *b:*

*"When jurisdiction ordinarily not exercised.* If land can be transferred only by an act done by the defendant within the state where the land is, the court of another state will ordinarily not order him to transfer the land (see sec. 94, comment *b*)."

Sec. 430 provides:

"A valid judgment rendered in one state will be recognized in another state as imposing upon the party against whom it was rendered a duty to obey the judgment, or as determining interests in a thing or in the status of the parties."

Sec. 449 provides:

"(1) A valid foreign judgment that the defendant do or refrain from doing an act other than the payment of money will not be enforced by an action on the judgment.

"(2) In an action on the original claim, the effect of *res judicata* will be given to findings of fact in a prior suit between the parties in which a valid judgment was rendered requiring the defendant to do or refrain from doing an act other than the payment of money."

These sections state the law applicable to this situation adversely to respondent. There is at least nothing *contra* in the Wisconsin cases. Cases such as *Walker v. Daly,* 80 Wis. 222, 49 N. W. 812, and *Frame v. Thormann,* 102 Wis. 653, 79 N. W. 39, cited by respondent, deal with the effect of judgments of other states purporting directly to affect the title to land situated in Wisconsin. Each adheres to the general rule that such judgments have not the effect of *res judicata* and that their findings are not conclusive or binding in actions brought here. That is the sort of a situation dealt with in *McArthur v. Moffet, supra.* In two cases involving divorce, *Mallette v. Scheerer,* 164 Wis. 415, 160 N. W. 182, and *Zentzis v. Zentzis,* 163 Wis. 342, 158 N. W. 284, it was held that foreign decrees in divorce which as incidental relief ordered division of property would be given full faith and credit here. These are distinguished by respondent on the ground that there the foreign court had jurisdiction of the status which was the subject matter of the action of divorce, namely the marriage *res.* While this is true, it is also true that here the California court had complete jurisdiction of the heirs who were personally served and could enter and enforce a decree compelling them to convey the land in Wisconsin. *Dickson v. Loehr,* 126 Wis. 641, 106 N. W. 793. The subject matter of that suit was not the land but the Tullys' rights to have the land conveyed to them by the heirs and those rights are not immovables.

That there is some conflict on these propositions we fully recognize. It is sometimes urged, as in *Fall v. Fall,* 75 Neb. 104, 106 N. W. 412, 113 N. W. 175, that to give effect to a decree such as was entered by the California court or treat the

findings therein. as conclusive would result in allowing the foreign judgment to accomplish indirectly what it could not do directly—namely, affect title to land outside the state.

We think, however, that where the court of a sister state, having jurisdiction of the person of the defendants and jurisdiction to bind their consciences, enters a decree ordering a conveyance of land located in Wisconsin, the findings of fact supporting such a decree must be given the effect of *res adjudicata.* This contravenes no rule of public policy and is in the interests of prompt and economical administration of justice. In view of this, the motion to strike should have been denied.

*By the Court.*—Order reversed, and record remanded with directions to deny the motion to strike and for further proceedings according to law.