## GREER v. GREER.
### No. 6163.

Court of Civil Appeals of Texas. Texarkana.
June 5, 1945.

Rehearing Denied June 21, 1945.

Sam J. Dotson and Cecil Storey, both of Longview, for appellant.

Jones & Jones, of Mineola, and R. M. Mountcastle, of Muskogee, Okl., for appellee.

WILLIAMS, Justice.

On August 10, 1936, during the marriage of L. C. Greer and Rosetta Greer, the Federal Land Bank of Houston executed a deed which purports to convey to L. C. Greer, as grantee, a 70-acre tract of land, more or less, out of the A. N. McKnight survey in Wood County, Texas. The deed recites a consideration of $300 cash then paid it by L. C. Greer and his execution of a promissory vendor's lien note for the principal sum of $575 payable on the amortization plan in ten annual installments of $74.47, on November 1st of each year, beginning November 1, 1937, with a preliminary interest of $6.47 due November 1, 1936. Rosetta Greer paid the $300 out of funds she had inherited from her father.

L. C. Greer executed the $575 note. There is evidence that the agent for the Federal Land Bank refused to take the note if executed by a married woman, and at his suggestion, the note was executed by L. C. Greer and the deed made accordingly. L. C. Greer denied this and contended that the land was bought by both and the payments were made due in November so they could meet same out of their crops. The evidence is in dispute as to how the first four annual payments were met, whether by Rosetta from proceeds of oil runs from her separate estate or if by L. C. Greer out of small crops he may have grown during the time, or if in part by the crops and her oil runs. In 1941 an oil and gas lease covering the 70-acre tract was sold for a bonus of $26,500, and about this time the balance due on the $575 note was paid off out of the $26,500 which had been deposited in a joint account of the two with a local bank. We agree with appellant that issues of fact were raised by the above evidence introduced in the instant trial, which, if the same had been submitted to the jury and answered in favor of plaintiff, would have impressed at least a part of the 70 acres as community property under our Texas statutes.

Later in 1941, the couple moved to Muskogee County, Oklahoma, where a 240-acre farm, a residence in Muskogee, personal property consisting of livestock, farming equipment, automobiles, household equipment and other realty were acquired. This couple and their children had resided in Muskogee, Oklahoma, for more than a year when in 1942 Rosetta Greer sued L. C. Greer for divorce, for custody of the four children and for property settlement.

As a result of the trial of such suit in which both parties appeared in person and by their respective attorneys and in which extensive amended pleadings were filed by the litigants, the District Court of Muskogee County, Oklahoma, on November 25, 1942, entered judgment under the terms of which Rosetta was granted a divorce and custody of the children, and their property rights were adjudicated. It is recited in that judgment:

"That on or about the 10th day of August, 1936, there was purchased with money which belonged to this plaintiff, 70 acres of land in Wood County, Texas, described as follows, to-wit: '70 acres of land, more or less, out of the A. N. McKnight Survey, Patent No. 736, Volume 3, Abstract No.

400.' and that although the deed was taken in the name of L. C. Greer, that was done as a matter of convenience and that the entire purchase price of the land, together with the amount paid down on the purchase. price, together with the subsequent payments of same, was purchased with the individual money of the plaintiff herein, Rosetta Greer, which money she had received from her guardian or from her ancestor's estate."

The judgment was subsequently amended to read:

"The Court further findsthat all of this property, whether in the name of L. C. Greer or Rosetta Greer, of whatsoever kind or description, whether real, personal or mixed, and wheresoever located or situated, belongs to and is the property of plaintiff herein, having been purchased with her separate and individual property and had not been acquired by their joint industry during coverture, to all of which findings and conclusions defendant excepts and exceptions are allowed."

And decreed with respect to the 70-acre tract:

" * * * and in this connection, it appears from the evidence, a division order has been heretofore executed and that the oil runs and proceeds from said mineral lease are being delivered from the 70 acres of land in Wood County to the plaintiff and defendant jointly * * * and the defendant is hereby ordered to convey all of the above described premises both in Oklahoma and Texas, including the oil runs and other mineral rights and the appurtenances thereto appertaining and belonging to said plaintiff, her heirs and assigns forever by good and sufficient deed in fee simple, together with the proper division order, free from any claim or right of the defendant therein.

"It is further ordered that upon the failure of the defendant to execute any and all of these conveyances, including the proper division order, within 30 days from this date, that this decree shall operate as such conveyance with same force and effect as if the said conveyances were made."

It is unnecessary to detail the findings of fact with respect to the properties, real and personal, situated in Oklahoma and the disposition made by that court, other than to note that with the exception of a Buick car and some livestock, all of the property was awarded to Rosetta. The Supreme Court of Oklahoma on April 4, 1944, Greer v. Greer, 148 P.2d 156, affirmed above judgment on an appeal therefrom perfected by L. C. Greer.

Thereafter, on April 22, 1944, in the District Court of Wood County, Texas, appellant, L. C. Greer, filed this trespass to try title action to recover of Rosetta Greer, the defendant below, one-half interest in the 70-acre tract. Defendant, in addition to her general denial, plea of not guilty, specially denied that plaintiff had any interest in the tract and asserted ownership of the whole. In addition thereto she pleaded the judgment of the Oklahoma District Court, its affirmance by the Supreme Court of Oklahoma and a transcript of all papers in the judgment roll of the Oklahoma District Court proceedings as res adjudicata and a bar to plaintiff's action. At the close of the testimony, the trial court upon the motion of defendant instructed the jury to return a verdict for the defendant, and pursuant thereto entered a "take nothing" judgment in favor of defendant.

■ It is observed that the Oklahoma District Court found and adjudged in substance that the 70-acre tract had been purchased and paid for out of the separate funds of Rosetta Greer, and that although the deed was taken in the name of L. C. Greer as a matter of convenience, the title was held in his name in trust for the benefit of Rosetta Greer. The transcript of the judgment roll of that court discloses that above issues were raised and joined by evidence offered by both litigants under their respective extensive pleadings in that trial and they had appeared in person and by counsel. Under the foregoing status, we are in accord with the trial court's action in the instant trial wherein "full faith and credit" under the provisions of Article 4, Sec. 1, of the Constitution of the United States was given above findings by the Oklahoma District Court so as to preclude L. C. Greer under the doctrine of res adjudicata from litigating in the instant trial the same issues of fact. Massie v. Watts, 6 Cranch 148, 3 L.Ed. 181; Hall v. Jones, Tex.Civ.App., 54 S.W.2d 835; 34 C.J. p. 1137; Burnley v. Stevenson, 24 Ohio St. 474, 15 Am.Rep. 621; Bailey v. Tully, 242 Wis. 226, 7 N.W.2d 837, 840, 145 A.L.R. 579, and cases therein collated from various states on page 585.

■ If above conclusion is in conflict with Fall v. Eastin, 215 U.S. 1, 30 S.Ct.

3, 54 L.Ed. 65, 23 L.R.A.,N.S., 924, 17 Ann. Cas. 853; Sharp v. Sharp, 65 Okl. 76, 166 P. 175, L.R.A. 1917F. 562; and Davis v. Roosvelt, 53 Tex. 305, 317, cited by appellant in support of the rule stated in 31 Am. Jur. (Judgments) 553, we believe that the weight of authorities supports the conclusion here reached. For as stated in Bailey v. Tully, supra, [242 Wis. 226, 7 N.W.2d 840], "Where the court of a sister state, having jurisdiction of the person of the defendants and jurisdiction to bind their consciences, enters a decree ordering a conveyance of land located in Wisconsin, the findings of fact supporting such a decree must be given the effect of res adjudicata."

The matter raised under appellant's points 8 and 9 has been considered and is overruled.

The judgment is affirmed.