**Evelyn Ann McELREATH, Appellant,**

v.

**James Dorsey McELREATH, Appellee.**

**No. 16058.**

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 8, 1960.

Rehearing Denied Feb. 5, 1960.

Stone, Agerton, Parker & Snakard, O. P. Newberry, Jr., and G. W. Parker, Jr., Fort Worth, for appellant.

Fannin & Fannin, and Oliver W. Fannin, Fort Worth, for appellee.

BOYD, Justice.

While the parties were domiciled in Oklahoma, Evelyn Ann McElreath sued James Dorsey McElreath for and obtained a divorce. After awarding to Mrs. McElreath as alimony some property situated in Oklahoma, the judgment continued: " 'It is further ordered, adjudged and decreed by the Court that the plaintiff have and she is hereby awarded as alimony an undivided one-third interest in and to the interest owned by the defendant in the Estate of A. R. McElreath, Sr., deceased, either distributed or in the process of probate, and said defendant is hereby ordered and directed to execute good and proper conveyances of such interest in said property to the plaintiff herein within sixty (60) days from the date hereof.' " McElreath did not make the conveyances. Both parties now reside in Texas.

Prior to the filing of the divorce suit, A. R. McElreath, the father of James Dorsey, died in Tarrant County, Texas, and his will was admitted to probate in that county. It was also admitted to probate in Lincoln County, Oklahoma. After certain specific bequests, the will devised and bequeathed to James Dorsey a one-half interest in the rest and residue of the estate. Some of the property, including real estate, is situated in Texas.

Mrs. McElreath filed this suit to recover a one-third undivided interest in James Dorsey's interest in the real and personal property situated in Texas which had been devised and bequeathed to him in the will. The court rendered judgment in her favor for a one-third interest in the personal property, but denied recovery for any interest in the lands. From this judgment Mrs. McElreath appeals.

The Oklahoma statute, 12 Okl.St.Ann. § 1278, provides that "When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall * * be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, * * *."

The Texas statute, Article 4638, Vernon's Ann.Civ.St., is as follows: "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be

construed to compel either party to divest himself or herself of the title to real estate."

The question for determination is whether the Oklahoma judgment decreeing that appellant is entitled to one-third of appellee's interest in the Texas real estate, and ordering appellee to convey that interest to appellant, is res judicata. The applicability of the full faith and credit clause, Article IV, Section 1, of the Constitution of the United States, and the effect of its possible collision with the public policy of the State of Texas, must be considered. The Act of Congress prescribing the effect to be given judgments of other states provides that they shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from whence the said records are or shall be taken, 28 U.S.C.A. § 1738. The idea that this prescription must be applied without limitation has been repudiated in every jurisdiction, without exception.

■■■■ That a judgment of a court of one state adjudicating a question of title to land in another state will be disregarded by the courts of the situs state is held by all the authorities which we have examined, and is conceded by appellant. But it is appellant's contention that where the court of a sister state, having jurisdiction of the person of a defendant and jurisdiction to bind his conscience, adjudicates questions of law, its findings of fact and the questions of law adjudicated constitute res judicata between the parties in another state, although the foreign judgment would have no operative effect on the title to land in the latter state.

Irrespective of the question of any public policy of the situs state which might conflict with an application of the doctrine of res judicata, the decisions are not in harmony as to appellant's proposition in regard to the title to land.

In McRary v. McRary, 228 N.C. 714, 47 S.E.2d 27, the court refused to enforce a judgment rendered in Ohio, wherein the wife was, in a divorce decree, awarded as alimony property in North Carolina owned in common with her husband, the decree ordering the husband to convey his interest to the wife.

In Bullock v. Bullock, 52 N.J.Eq. 561, 30 A. 676, 680, 27 L.R.A. 213, 46 Am.St.Rep. 528, the parties were divorced in New York, and it was decreed that the husband pay alimony in the sum of $100.00 per month, and that he execute a mortgage on land in New Jersey to secure the payment of the alimony. The wife sued in New Jersey to compel the husband to execute the mortgage. Relief was denied, the court holding that the full faith and credit clause did not require the enforcement of the New York decree. The dissenting opinion admitted that "we cannot be asked to give greater efficacy to a decree for alimony made in New York than we can give to a like decree made in our own courts," but pointed out that liens on land to secure the payment of alimony were valid in New Jersey.

In Moseby v. Burrow, 52 Tex. 396, 404, it is said: "It is also a well-established general rule, founded upon reasons of public policy, that the courts of one State or country cannot make a decree ordering the conveyance of land situated in another, which will be recognized as valid and binding by the courts of that other."

In Sharp v. Sharp, 65 Okl. 76, 166 P. 175, L.R.A.1917F, 562, it was held that a decree in a divorce case in Oregon, which attempted to settled equitable rights to land in Oklahoma, was not res judicata in an action in Oklahoma between the parties.

In West v. West, Okl., 268 P.2d 250, 255, an Oklahoma court granted a divorce and divided the real and personal property, some of the former being in Texas. The decree provided that upon the failure of either party to execute the necessary deeds to carry out the property division, the decree itself should operate as such conveyance. The Supreme Court said: "A di-

vorce decree in one state cannot operate directly to pass title to lands in another state, nor is it res judicata as to the rights of the parties in the courts of such other state."

It has often been recognized by the Supreme Court of the United States that there are limitations upon the extent to which a state will be required by the full faith and credit clause to enforce judgments of another state or to give effect to its public acts. Alaska Packers Ass'n v. Industrial Accident Commission, 294 U.S. 532, 55 S.Ct. 518, 79 L.Ed. 1044, and cases there cited. Lack of jurisdiction in the court rendering the judgment will prevent its receiving credit in another state. Haddock v. Haddock, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867. A judgment for penalties will not be enforced. State of Wisconsin v. Pelican Insurance Company, 127 U.S. 265, 8 S.Ct. 1370, 32 L.Ed. 239. Limitation under the laws of the forum will bar recovery on a judgment of another state. McElmoyle for Use of Bailey v. Cohen, 38 U.S. 312, 10 L.Ed. 177. A sister state's judgment will not overcome a local policy against allowing a foreign corporation the use of local courts to settle foreign disputes. Anglo-American Provision Co. v. Davis Provision Company No. 1, 191 U.S. 373, 24 S.Ct. 92, 48 L.Ed. 225. A judgment decreeing that an illegitimate or adopted child may inherit from his putative parent does not establish his right to so inherit in another state. Hood v. McGehee, 237 U.S. 611, 35 S.Ct. 718, 59 L.Ed. 1144. It has been held that courts are not bound to give effect to a decree of a court of another state removing minority disabilities. Beauchamp v. Bertig, 90 Ark. 351, 119 S. W. 75, 23 L.R.A.,N.S., 659.

If we leave out of consideration the question of conflict of local policy, the case of Burnley v. Stevenson, 24 Ohio St. 474, 15 Am.Rep. 621, seems to support appellant's position. But the Supreme Court of the United States, in Fall v. Eastin, 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65, refused to follow that case. Lyle Cashion Company v. McKendrick, 227 Miss. 894, 87 So.2d 289, may be considered as an authority in her favor.

Appellant strongly relies on Weesner v. Weesner, 168 Neb. 346, 95 N.W.2d 682; Mallette v. Scheerer, 164 Wis. 415, 160 N. W. 182; Matson v. Matson, 186 Iowa 607, 173 N.W. 127; Bailey v. Tully, 242 Wis. 226, 7 N.W.2d 837, 145 A.L.R. 578; Hall v. Jones, Tex.Civ.App., 54 S.W.2d 835; and Greer v. Greer, Tex.Civ.App., 189 S. W.2d 104.

In the Weesner case the judgment of another state was enforced, the court saying that it must be given full faith and credit where the related policy of the situs state is in substantial accord with that of the other state.

In the Mallette case it was said that since the laws of the foreign state were similar to those of the situs state, the judgment must be enforced.

Decreeing full faith and credit to the judgment of another state, the court in the Bailey case said: "This contravenes no rule of public policy and is in the interests of prompt and economical administration of justice." [242 Wis. 226, 7 N.W.2d 840.]

In Hall v. Jones, no writ history, it was held that a judgment of another state holding a deed to land in Texas to be void, bound the parties in a suit for title in Texas. This holding appears to be out of harmony with Holt v. Guerguin, 106 Tex. 185, 163 S.W. 10, 50 L.R.A.,N.S., 1136; Carpenter v. Strange, 141 U.S. 87, 11 S. Ct. 960, 35 L.Ed. 640; and Burton-Lingo Company v. Patton, 15 N.M. 304, 107 P. 679, 27 L.R.A.,N.S., 420.

Greer v. Greer held that an Oklahoma judgment in a divorce case finding that Texas land was held in trust by the husband for the wife must be accorded full faith and credit. A writ of error on this identical point was granted by our Supreme

Court; but the cause was reversed on another ground.

"The essential nature and real foundation of a cause of action are not changed by recovering judgment upon it; and the technical rules which regard the original claim as merged in the judgment, and the judgment as implying a promise by the defendant to pay it, do not preclude a court to which a judgment is presented for affirmative action, (while it cannot go behind the judgment for the purpose of examining into the validity of the claim) from ascertaining whether the claim is really one of such a nature that the court is authorized to enforce it." State of Wisconsin v. Pelican Insurance Company, 127 U.S. 265, 8 S.Ct. 1370, 1375, 32 L.Ed 239.

In Fall v. Fall, 75 Neb. 104, 120, 106 N. W. 412; 113 N.W. 175, 180, 121 Am.St. Rep. 767, it was shown that a divorce was granted in Washington and the decree set apart to the wife, as her separate property, land in Nebraska and ordered the husband to convey the same to her. The Nebraska Supreme Court held that a deed made by a commissioner, after the husband refused to convey, was not entitled to recognition in Nebraska, and that neither the deed nor the decree conferred any right upon the wife. The court said: "Under the laws of this state the courts have no power or jurisdiction in a divorce proceeding, except as derived from the statute providing for such actions, and in such an action have no power or jurisdiction to divide or apportion the real estate of the parties." The case was affirmed by the United States Supreme Court in Fall v. Eastin, 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65. It will be noted that in Weesner v. Weesner, 168 Neb. 346,

95 N.W.2d 682, the court pointed out that since the decision in Fall v. Fall the Legislature had changed the law and had empowered the court in a divorce case to assign property, both real and personal, between the parties as equity required.

If the local policy has not been established by the Legislature, the Supreme Court of the forum state is "the one voice that could declare it with ultimate authority." Clark v. Williard, 294 U.S. 211, 55 S. Ct. 356, 357, 79 L.Ed. 856, 98 A.L.R. 347. In some cases where rights under a judgment or other public act of another state were given effect in the state of the forum, the Federal Supreme Court has been careful to point out that to do so did not violate any public policy of the latter state. Broderick v. Rosner, 294 U.S. 629, 55 S. Ct. 589, 79 L.Ed. 1100, 100 A.L.R. 1133. The full faith and credit provisions of the Constitution and laws of the United States "are necessarily to be read in the light of some established principles, which they were not intended to overthrow. * * * And they confer no new jurisdiction on the courts of any state; * * *." Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 234, 36 L.Ed. 1123.

It is difficult to accept the premise that an exclusive power in the courts of one jurisdiction, or the public policy of a state, may be rendered nugatory by the actions of courts of another jurisdiction which are invested with no authority whatever on the subject. We do not believe that the full faith and credit clause compels that assumption. Clarke v. Clarke, 178 U.S. 186, 20 S.Ct. 873, 44 L.Ed. 1028.

The judgment is affirmed.