[No. 1265, February 28, 1910. ]

THE FIRE ASSOCIATION, Intervenor, Burton Lingo Co., Appellants, v. S. E. PATTON, et al., Appellees.

SYLLABUS.

1. The Texas court had jurisdiction of the person of Patton, but not of the real estate in New Mexico. The lien which it attempted to reinstate, declare valid and in effect turn over, was a statutory lien enforceable only in New Mexico.

2. Even though an insurance policy is assigned, it is still the assignor's insurance, which he is entitled to have applied to the extinguishment of his indebtedness, and the payment to the assignee of the insurance operated to discharge the lien debt.

3. Conditions for forfeiture in the printed forms of insurance now in general use should be strictly construed against the insurer, and in favor of the insured, when invoked by an insurance company to limit or avoid its liability. No intendment will be indulged in to invalidate a policy which the language used does not require.

4. Cases cited to show that a contract of fire insurance being a contract of indemnity and no more, the insurer after paying the loss is entitled to be subrogated to all "the

means of indemnity which assured held against the party primarily liable," held not applicable.

Appeal from the District Court for Chaves County before W. H. Pope, Associate Justice. Affirmed.

Reid & Hervey and Crane, Seay & Crane for Appellant.

The judgment rendered in Texas is *res adjudicata.* Southern Pac. R. Co. v. United States, 168 U. S. 1, 18 Sup. Ct. 18, 42 L. ed. 355; 2 Black on Judgment, 2 ed. sec. 504, et seq. and cases cited, 514, 690, 864, 791; Stewart v. Maxwell, 1 N. M. 563; Farish v. Mining Company, 5 N. M. 279; Nave v. Adams, 107 Mo. 414, 28 Am. S. Rep. 421; Parhurst v. Berdell, 110 N. Y. 386, 6 Am. S. Rep. 384; Shearon v. Terry, 1 L. R. A. 572; Union Pac. R. Co. v. Baker, Kansas, 47 Pac. 563; Nicholl v. Mason, 21 Wend. 339; Roger v. Odell, 39 N. H. 457; Baxley v. Linn, 16 Pa. 241; U. S. v. Dewey, 6 Biss. 503, F. D. C. A. S. No. 14,956; Leech v. Beatty, 127 Cal. 177, 59 Pac. 837; Freeman on Judgment, sec. 249; Bigelow on Estoppel, 5th ed. p. 261; Wolverton v. Baker, 86 Cal. 591, 25 Pac. 54; Voorhees v. Bank of the U. S., 10 Peters 449; Marble v. Keyes, 9 Gray's Rep., Mass. 221.

A stranger at the time he pays to the creditor the amount of the debt may take an assignment of it without the consent or knowledge of the debtor; and if, when he pays the amount, there be an express agreement that the debt is to be assigned to the stranger, this would amount to an equitable assignment of the debt, though no formal assignment was ever executed. Neeley v. Jones, 16 W. Va. 625; Swan v. Patterson, 7 Mo. 164; Bk. of U. S. v. Martson, 2 Bock. 254; Burr v. Smith, 21 Barb. 262; Dayton. v. Tagg, 8 Leigh 602; Pittsburg, etc., R. Co. v. Thompson, 56 Ill. 138; 1 May Ins., secs. 276, 457, 2 and cases cited; Meadows v. Ins. Co., 62 Ia. 387, 17 N. W. 600; Titus v. Ins. Co., 81 N. Y. 410; Shroeder v. Imperial Ins. Co., Cal., 63, Pac. 1074; 19 Cyc. 750 and cases cited; Norris v. Hartford Ins. Co., S. C.,

33 S. E. 566, 74 A. S. R. 765; Del. Ins. Co. v. Greer, 120 Fed. 916; 57 Va. 188; 61 L. R. A. 137; Wibengo v. Ins. Co., Mich., 57 N. W. 833; Wilcox v. Ins. Co., Wis., 55 N. W. 188; Quinbar v. Ins. Co., 133 N. Y. 356; 31 N. E. 31, 28 A. S. R. 645; Findlay v. Ins. Co., 74 Vt. 211; 52 Atl. 429; 93 A. S. R. 885; Ins. Co. v. Brown, 77 Mo. 79; 25 Atl. 992; Hayes v. Ins. Co., 132 N. C. 702; 44 S. E. 404; Crikelair v. Citizens Ins. Co., Ill., 48 N. E. 167; Riddelsbarger v. Ins. Co., 7 Wall. 390; Wells Fargo v. Ins. Co., 44 Cal. 397; Yoch v. Ins. Co., 111 Cal. 503, 44 Pac. 189, 34 L. R. A. 857; Supple v. Ia. St. Ins. Co., 53 Ia 29, 11 N. W. 716; Speagle v. Dwelling House Ins. Co., Ky., 31 S. W. 282; Eaton Eq., p. 449; C. L. 1897, sec. 3938; Ins. Co. v. Stenson, 103 U. S. 25; Hall v. R. R. Co., 13 Wallace 370; Hart v. R. R. Co., 13 Metcalf 99; Ins. Co. v. Basher, 39 Me. 253; Ins. Co. v. Frost, 37 Ill. 333; Ins. Co. v. Ry. Co., 25 Conn. 265; Mason v. Sainsburg, 3 Douglas 60; Yates v. Whyte, 4 Bing New Cases 272; Clark v. Blything, 2 B. & C. 254; Randal v. Cockran, 1 Vesey Sr. 98; Wilker v. Harper, 2 Barb. Ch. 338; Sherman's Admin. v. Shaver, 75 Va. 1; Ins. Co. v. Stinson, 103 U. S. 25, 28; Ins. Co. v. Woodruff, 2 Dutch, N. J. 541; Mathews v. Aiken, 1 Com. 595; Peake v. Estate of Darwin, 25 Vt. 32; Carter v. Jones, 5 Ired. Eq. 197; Elhibor v. Newman, 20 Pa. St. 281.

FREEMAN, CAMERON & FULLEN for Appellees.

The Texas judgment was not *res adjudicata*. Lindauer v. Boyd, 70 Pac. Rep. 568; 1 Cook on Corporations, sec. 1; American Sugar Refining Co. v. Johnson, 60 Fed. 511; Bridge v. Wooley, 78 Ky. 523; Bank v. Earle, 13 Pet. 519; Ry. Co. v. Koontz, 104 U. S. 5; Ex parte Scholenberger, 96 U. S. 369; Clark v. Barnard, 108 U. S. 452; Nashua R. R. Co. v. Lowell Railroad, 136 U. S. 356; County Court v. Baltimore, etc. R. R., 35 Fed. 161; B. & O. R. R. v. Ford, 35 Fed. 161; 3 Cook on Corporations 910; 1 Cook on Corporations, sec. 1; American Sugar Refining Co. v. Johnston, 60 Fed. 511; Nichil v. Mason, 21 Wend. 339; Davis v. Dunkhill, 9 N. H. 545; Renner

v. Marshall, 1 Wheaton 215; Gains v. Reilf, et als., 12 How. 536; Reynolds v. Stockton, 140 U. S. 264; 2 Smith's Leading Cases 800, 813, 790; 2nd Black on Judgments, 2 ed., secs. 513, 508; Guarantee Co. v. Glenn Cove Springs, 139 U. S. 137; Franz Falk Brewing Co. v. Herch, 78 Tex. 192; 14 S. W. 450; Abbott v. Mut. Life Ins. Co., 127 Ind. 70, 26 N. E. 153; Sackett v. Montgomery, 57 Neb. 424; 77 N. W. 1083, 73rd Am. St. Rep. 522; Cockran v. Parker, 12 Colo. App. 169, 54 Pac. 1027; 2nd Story on the Conflict of Laws, secs. 619, 513, 592; Stout v. Lyle, 103 U. S. 68; Peck v. Jenness, 7 How. 612; Hale v. Frick, 104 U. S. 261; Russel v. Plate, 94 U. S. 606; Gaines v. Relf, et als., 12 How. 536.

Subrogation. Warring v. Loder, 53 N. Y. 581; Douglas v. White, 3 Barb. Ch. 621; 37 A. & E. Ency. of L., 2 ed., 207; Campan v. Molle, 124 Cal. 415; Farman v. Heath, 19 Ind. 63; Walse v. McBride, 72 Md. 45; George v. Summerville, 153 Mo. 7; Harris v. Elliott, 45 W. Va. 245; 44 Cent. Digest 3344; Nisbit v. Martin, 4 Pa. Co. Ct. R. 95; Pearman v. Gould, N. J., 5 Atl. 815; Kernochan v. N. Y. Fire Ins. Co., 17 N. Y. 428; Traders Insurance Co. v. Race, Ill., 29 N. E. 846; 31 Ill. App. 625, 31 N. E. 392; Speagle v. Dwelling House Insurance Co., Ky., 31 S. W. 283; Ins. Co. v. Stetson, 105 U. S. 28; Wood v. N. W. Ins. Co, 46 N. Y. 425; Ulster County Savings Inst. v. Lake, 73 N. Y. 165; King v. Mutual Fire Ins. Co., 7 Cush. 1, 54 Am. Dec. 683; Carpenter v. Providence Ins. Co., 16 Peters 502; Garrison v. Memphis Ins. Co., 19 Howard 312; Hall and Long v. Railroad Co., 13 Wallace 370; Wager v. Providence Ins. Co., 150 U. S. 107; Insurance Co. v. Stenson, 103 U. S. 28; Lysle v. Rogers, 113 N. Car. 197, 37 Am. State Rep. 627; Traders Ins. Co. v. Race, 31 N. Eastern, 392; Pendleton v. Elliott, 38 Minnesota, 371, 38 N. West. Rep. 97; Mercantile Mutual Ins. Co. v. Knabales, 20th N. Y. 173; Richardson v. Fraser, 112 U. S. 432; Mobile Ins. Co. v. Columbia, etc., Railroad Co., 44 Am. State Repts. 732; Memphis, etc., Railroad Co. v. Dow, 120 U. S. 301; Aultman, Miller & Co. v. Bishop, 74th N. Western 55; Bank v. Wright, 63 N. W. 126; Rice v. Winters, 63 N. W. 830; McNeil, v. Miller, W. Va.,

2 S. E. 355; 44 Cent. Dig. 3344; Mobile, etc., Railroad Co.
v. Jurey, 111 U. S. 595; Phenix Ins. Co. v. Erie Transportation Co., 117 U. S. 321; St. Louis, etc., Railroad Co. v.
Commercial Ins. Co., 139 U. S. 235; W. F. Ins. Co. v.
Pac. Ins. Co., 4 Cal. 406.

### STATEMENT OF THE CASE.

This suit was begun June 16th, 1903, by the appellant, Burton-Lingo Company, a New Mexico corporation,
to foreclose a mechanic's. lien on certain lots in the city
of Roswell, County of Chaves, this Territory, against Patton and wife as owners, and Haynes and Smith as mortgagees of Patton. Patton took out two insurance policies in
the sum of fifteen hundred dollars ($1500.00) each with
the appellant, the Fire Association of Philadelphia, one
dated June 15th, 1903, and the other March 16th, 1904,
each of said policies containing the following clause:
"Loss or damage, if any, under this policy, shall be payable to Burton-Lingo & Co., as their mortgagee (or trustee) as interest may appear." May 2, 1904, the improvements on the lots in question, for the construction of
which the Burton-Lingo Company claimed a lien, were
totally destroyed by fire, and on the same day Patton, in
consideration of three hundred dollars ($300.00) and the
release of said lien executed an assignment of said policies to the Burton-Lingo Company.

On the 10th day of August, 1904, the Burton-Lingo
Company, a Texas corporation, brought suit against the
Fire Association of Philadelphia and Patton in the District Court of Tarrant County, Texas, to recover on the
policies assigned to it by Patton. Personal service on Patton and he failed to answer. Judgment in favor of the
Burton-Lingo Company against the Fire Association for
the amount of the policies and upon its cross bill and answer, to which Patton had been made a party, the Fire
Association was on the 1st day of March, 1905, by said
District Court, awarded judgment against said Patton
as follows:

"It is further ordered, adjudged and decreed by the
court that the said contract (the contract releasing the

mechanic's lien in consideration of the assignment of the policies by Patton) is null and void and that the plaintiff Burton-Lingo Company have a valid and subsisting lien on the lots situated in the Territory of New Mexico upon which said buildings stood, covered by the two policies of insurance sued upon, to foreclose which lien a suit is now pending in the courts of New Mexico in the name of Burton-Lingo Company and against said Patton. And that the defendant Fire Association of Philadelphia is hereby subrogated to all the rights of the said Burton-Lingo Company in said litigation pending, and to all of the liens upon said property, to foreclose which said litigation was instituted in the courts of New Mexico as aforesaid, and it is further ordered and decreed that said Patton has no just or valid defense thereto. And that the defendant Fire Association of Philadelphia may continue to prosecute said litigation in the name of the Burton-Lingo Company for its own use and benefit and to take all necessary orders and processes therein in the courts of New Mexico, all this to be done at its own cost."

There was no provision in the above judgment for its enforcement against Patton. The Fire Association satisfied this judgment. On the 11th day of September, 1905, the Fire Association filed its petition as intervenor in this suit, in which it set up its judgment obtained in the Texas court as *res-adjudicata,* and further claimed that it was subrogated to the rights of the Burton-Lingo Company to the lien sought to be foreclosed. Issue being duly joined and testimony taken, the court rendered its decree in favor of the appellees, and this appeal was taken.

### OPINION OF THE COURT.

MECHEM, J.—1. This case falls clearly within that class wherein a court of equity, having jurisdiction of the parties, has decreed in relation to the title to real estate without its territorial jurisdiction, but has not taken the necessary steps to give force and effect to its decree by some process or order compelling obedience to its judgment.

The Texas court had jurisdiction of the person of

Patton, but not of the real estate in New Mexico. The lien which it attempted to reinstate, declare valid and in effect turn over to the Fire Association, was a statutory lien enforceable only in New Mexico. In Carpenter v. Strange, 141 U. S. 105, it was said:

"The real estate was situated in Tennessee and governed by the laws of its situs, and while by means of its power over the person of a party a court of equity may in a proper case compel him to act in relation to property not within its jurisdiction, its decree does not operate directly upon the property nor affect the title, but is made effectual through the coercion of the defendant, as, for instance, by directing a deed to be executed or cancelled by or on behalf of the party. The court "has no inherent power, by the mere force of its decree, to annul a deed, or to establish a title." Hart v. Sanson, 110 U. S. 151, 155.

"Hence, although in cases of trust, of contract and of fraud, the jurisdiction of a court of chancery may be sustained over the person, notwithstanding lands not within the jurisdiction may be affected by the decree, (Massie v. Watts, 6 Cranch, 148) yet it does not follow that such a decree is in itself necessarily binding upon the courts of the state where the land it situated. To declare the deed to Mrs. Strange null and void, in virtue alone of the decree in New York, would be to attribute to that decree the force and effect of a judgment in rem by a court having no jurisdiction over the res.

"By its terms no provision whatever was made for its enforcement as against Mrs. Strange in respect of the real estate. ‘No conveyance was directed, nor was there any attempt in any way to exert control over her in view of the conclusion that the court announced. Direct action upon the real estate was certainly not within the power of the court, as it did not order Mrs. Strange to take any action with reference to it, and she took none, the courts of Tennessee were not obliged to surrender jurisdiction to the courts of New York over real estate in Tennessee, exclusively subject to its laws and the jurisdiction of its courts. Story Confl. Laws, 543; Whart. Confl. Laws, 288, 289;

Watkins v. Holman, 16 Pet. 25; Northern Indiana Railroad v. Mich. Cent. Railroad, 15 How. 233; Davis v. Headley, 22 N. J. Eq. (7 C. E. Green) 115; Miller v. Birdsong, 7 Baxter, 531; Cooley v. Scarlett, 38 Illinois, 316; Gardner v. Ogden, 22 N. Y. 327."

And so in this case to declare the mechanic's lien in question valid, that Patton had no defense to it and that the Fire Association was subrogated to the rights of Burton-Lingo Company to it, and entitled to prosecute this action in the name of Burton-Lingo Company for its own benefit, solely by virtue of the judgment of the Texas court, "would be to attribute to that decree the force and effect of a judgment in *rem* by a court having no jurisdiction over the *res.*"

In the late case of Fall v. Eastin, U. S., the court after restating with approval the doctrine announced in Carpenter v. Strange, *supra,* goes on to say that it is a well recognized principle:

"That when the subject matter of a suit in a court of equity is within another state or country, but the parties within the jurisdiction of the court, the suit may be maintained and remedies granted which may directly affect and operate upon the person of the defendant and not upon the subject matter, although the subject matter is referred to in the decree, and the defendant is ordered to do or refrain from certain acts toward it, and it is thus ultimately but indirectly affected by the relief granted. In such cases the decree is not of itself legal title, nor does it transfer the legal title. It must be executed by the party and obedience is compelled by proceedings in the nature of contempt, attachment or sequestration. On the other hand, where the suit is strictly local, the subject matter is specific property, and the relief when granted is such that it must act directly upon the subject matter, and not upon the person of the defendant, the jurisdiction must be exercised in the state where the subject matter is situated. 3 Pomeroy's Equity, sections 1317, 1318 and notes."

It is clear that the decree of the Texas court, in so far as it undertook to adjudicate and transfer a lien on

land in New Mexico, not having been enforced by its control of the person of Patton, was *coram non judice* and therefore properly disregarded by the trial court.

2.    The court below held that independent of the contract of May 2, 1904, by which the Burton-Lingo Company in consideration of the assignment to it of the policies, released the mechanic's lien, the payment to it of the amount of the policies paid off and discharged the lien, because having been taken out in the name of Patton and at his expense, the proceeds of the policies, had they not gone to the Burton-Lingo Company, would have constituted a fund out of which Haynes and Smith and other creditors of Patton would have been satisfied, and this holding is assigned as error.    Counsel for the Fire Association contend that the payment of the policies did not discharge the lien, but on the contrary the rights of the Burton-Lingo Company passed to the Fire Association and an equitable assignment was effected.

There is not in the record any assignment of the lien, nor agreement to assign, nor of the debt for which the lien was claimed by the Burton-Lingo Company, to the Fire Association, nor does the Fire Association in its petition of intervention set up any such assignment or agreement to assign; nor did the payment by the Fire Association of the policies have the effect of creating an assignment of the debt, for the insurance was Patton's, paid by him.    As was said in Carpenter v. Providence Washington Ins. Co., 16 Pet. 500:

"Far different is the case where an insurance is made by the mortgagor on the premises, on his own account; for, notwithstanding any mortgage or other incumbrance upon the premises, he will be entitled to recover the full amount of his loss, not exceeding the insurance; since the whole loss is his own, and he remains personally liable to the mortgagee or other incumbrancer, for the full amount of the debt or incumbrance.

"These principles we take to be unquestionable, and the necessary result of the doctrines of law applicable to insurances by the mortgagor and the mortgagee.    If, then, a mortgagor procures a policy on the property against fire,

and he afterwards assigns the policy to the mortgagee, with the consent of the underwriters (if that is required by the contract to give it validity), as collateral security, that assignment operates solely as an equitable transfer of the policy, so as to enable the mortgagee to recover the amount due, in case of loss; but it does not displace the interest of the mortgagor in the premises insured. On the contrary, the insurance is still his insurance, and on his property, and for his account."

So even though Patton had assigned the policies to the Burton-Lingo Company, it was still his insurance, which he was entitled to have applied to the extinguishment of his indebtedness, and the payment to the Burton-Lingo Company operated to discharge the lien debt. First Nat. Bank v. Ins. Co., 2 Tenn. Ch. App. (1901) 90.

3. The Fire Association further claims, that it is entitled to be subrogated to the rights of the Burton-Lingo Company, under the latter company's lien, by reason of the payment of the insurance policies, and for this assigns two reasons:

(1)   That by the terms of the policies this subrogation is expressly provided for; and

(2)   Irrespective of such express provision the right to subrogation exists as a matter of right.

The Fire Association claims that as to Patton, no liability existed because of the foreclosure proceedings on the lien, and therefore under the terms of the policies it is entitled to be subrogated.

The two clauses of the policies under which the Fire Association claims the forfeiture and consequent subrogation are:

"This entire policy, unless otherwise provided by agreement endorsed hereon, or added hereto, shall be void, if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of the sale of any property covered by this policy by virtue of any mortgage or trust deed."

"Whenever this company shall pay he mortgagee or trustee, any sum for loss or damage under this policy, and

shall claim that as to the mortgagor or owner no liability therefore existed,. this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage deed, or may, at its option, pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage, with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of this claim in court."

If the policy was void because of the foreclosure proceedings, then the Fire Association, owing no liability thereon to Patton, would, it claims, be subrogated to the rights of the Burton-Lingo Company to the lien. But this is a mechanic's lien, not a mortgage or a deed of trust, and the clause provides that the foreclosure proceedings working the forfeiture should be "by virtue of any mortgage or deed of trust." We are then called upon by the Fire Association to add restrictions and obligations to the contract never contemplated by the parties, and which in the language of the court in Ins. Co. v. Stinson, 103 U. S. 25, would be "making it a mere shadow of security, and increasing the avenues of escape from obligation to pay, already too numerous and oppressive." It was well said by McCormick, J., in Pennsylvania Fire Ins. Co. v. Hughes, 108 Feb. 497, 47 C. C. A. 459:

"Conditions for forfeiture in the printed forms of insurance now in general use have been prepared by the insurance companies with studious care, and should be strictly construed against the insurer, and in favor of the insured, when invoked by an insurance company to limit or avoid its liability. No intendment will be indulged in to invalidate a policy which the language used does not require."

We take the contract as it comes before us, and assume that the parties to it, have therein expressed and embodied their entire intention and set forth all the conditions of their agreement, and we are not at liberty either

to disregard words that they have used or to insert words that they have not used.   Harrison v. Fortlage, 161 U. S. 57; Seitz v. Brewer's Refrigerating Co., 141 U. S. 510.

Counsel for the Fire Association argue that as a contract of fire insurance is a contract of indemnity and no more, the insurer after paying the loss is entitled to be subrogated to all the "means of indemnity which assured held against the party primarily liable."   The case of Hall & Long v. Railroad Companies, 13 Wall. 370, is cited by counsel in support of their position.   In that case the question was whether the underwriter, who insures personal property against loss by fire, and pays the insurance upon a total loss while in transit, can bring an action, in the name of the owner, for his use against the common carrier based upon the common law liability of such carrier, and the court held that:

"In respect to the ownership of the goods, and the risk incident thereto, the owner and insurer are considered but one person, having together the beneficial right of indemnity due from the carrier for a breach of his contract or for non-appearance for his legal. duty.   Standing thus, as the insurer does, practically in the position of a surety, stipulating that the goods shall not be lost, or injured in consequence of the peril insured against, where he has indemnified the owner for the loss, he is entitled to all the means of indemnity which the satisfied owner held against the party primarily liable."   Nowhere in the record nor in the brief is there any intimation of a liability occasioned by the loss existing in favor of Patton, the assured.

Counsel also rely on the case of Insurance Co. v. Stinson, supra., in which Stinson, the plaintiff in the suit, had secured a policy of insurance upon a building, on which he then held a lien, his interest being stated in the policy as that of contractor and builder; thereafter during the life of the policy the building was destroyed by fire; after loss Stinson did not further prosecute his lien but sued the Insurance Company to recover on the policy, to which suit the company made two defenses: first, the failure of Stinson to prosecute his suit to foreclose the lien,

and, second, want of insurable interest. On the first defense, which alone is of interest here, the court held:

"But even then we do not think that the creditor is bound to take any active steps to realize the 'fruits of a collateral, or to keep it from expiring, unless the insurance be first paid and notice be given to him of a desire on the part of the insurers to be subrogated to his rights, with a tender of indemnity against expenses. We are aware that views somewhat differing from these have been held by respectable authority; but we think without any sound reason. See May on Insurance, sec. 457; Insurance Company v. Woodruff, 2 Dutch, N. J. 541.

Neither of the above cases is authority here: Patton was the assured. Judgment of the lower court is affirmed.

