# UNION NATIONAL BANK ET AL. *v.* McBOYLE ET AL.

## ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 164.  Argued January 24, 25, 1917.—Decided March 6, 1917.

The board of directors of a national bank have power under the National Bank Act to clothe the cashier with authority to sell corporate shares which have been acquired by the bank as the result of a loan made upon the shares as security.

Whether the rules adopted by the board of directors of a national bank to govern its business do or do not empower the cashier to sell corporate shares which the bank has acquired as the result of loans upon them as collateral is a question involving the interpretation of the rules as applied to the circumstances of the transaction, and not a question concerning the meaning of the National Bank Act upon which this court may assume jurisdiction to review a state court's judgment.

Writ of error to review 168 California, 263, dismissed.

THE case is stated in the opinion.

*Mr. Charles A. Beardsley*, with whom *Mr. R. M. Fitzgerald* and *Mr. Carl H. Abbott* were on the briefs, for plaintiffs in error.

*Mr. W. H. Orrick*, with whom *Mr. Julius Kahn, Mr. T. C. Coogan* and *Mr. H. A. Powell* were on the brief, for defendants in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

McBoyle and his wife sued the bank to recover 599 shares of the stock of the Burnham-Standeford Company,

which it was alleged they had purchased from the bank and which after payment of the cash part of the price had been placed with it as collateral to secure a note evidencing the credit price. It was alleged that, despite a tender of the purchase money due, the bank had refused to deliver the stock. The answer of the bank, while not denying the sale of the stock to McBoyle, charged that the sale had been fraudulently procured by him and besides that the sale was void because it was made by the cashier who was without authority to do so. It was moreover alleged that the sale had been repudiated by the board of directors and that there had been a tender of the cash price paid and of the note given for the balance.

The Supreme Court of the State, in reviewing and reversing a judgment of the trial court in favor of the bank, held that there was no proof of fraud in the sale from the bank to McBoyle and that from a consideration of the authority of the cashier in the light of the power conferred upon that officer by the board of directors and the nature and character of the transaction, the cashier had authority to make the sale and it was therefore valid. The case was remanded for a new trial. 162 California, 277. Before that trial the bank amended its answer by asserting that authority in the cashier to sell shares of stock belonging to the bank could not be sustained without a violation of the National Bank Law. The Supreme Court, to which the case was again taken, in affirming a judgment of the trial court awarding the stock to McBoyle, pointed out that, while the National Bank Law conferred no authority on national banks to buy stock for speculation or investment, yet such law did not prevent them from taking stock as security for loans made in the due course of business, from realizing on the security in default of payment of the loan and consequently when needs be from buying in the security to protect the bank and from selling the security after it had been bought in for the purpose of

realizing on the same. Thus recognizing the right of the
bank consistently with the National Bank Act to acquire
the stock, and treating the power to sell it as being in-
disputably vested at least in the board of directors, the
court adhered to the opinion which it had previously ex-
pressed that the power in the cashier to make the sale in
question was susceptible of being deduced by fair impli-
cation from the rules adopted by the board of directors
for the government of the business of the bank and from
the circumstances of the case. 168 California, 263.

The case is here in reliance upon the federal question
supposed to have been raised by the amended answer
and the ruling just stated, that is, the asserted violation
of the National Bank Act which arose from implying from
the rules adopted by the board of directors, authority in
the cashier to make the sale. We say this because there
is no pretense that the case as presented below or as here
made raised any question concerning the power of a na-
tional bank in good faith in the due course of business
under the law to loan on capital stock as collateral and
realize on the same. But when the issue is thus accurately
fixed, it is apparent that while in mere form of expression
it may seemingly raise a question under the National
Bank Act, in substance it presents no question of that
character whatever, since it simply concerns an interpre-
tation, not of the statute, but of the rules adopted by the
board for the government of the bank, involving, in what-
ever view be taken, no exercise of power beyond that
which it is conceded the National Bank Act conferred.
To illustrate, if in express terms the board of directors
had clothed the cashier with power to make the sale, there
can be no question that they would have had authority
to do so under the statute,—a conclusion which makes it
clear that the determination of whether by a correct in-
terpretation of the rules adopted by the board, power
did or did not exist in the cashier, involves not the statute,

but the mere significance of the rules. That, coming to this, the contention involves no question under the National Bank Law upon which to base jurisdiction to review is so conclusively settled as not to be open. *Le Sassier* v. *Kennedy*, 123 U. S. 521; *Chemical Bank* v. *City Bank of Portage*, 160 U. S. 646; *Union National Bank* v. *Louisville, New Albany & Chicago Ry. Co.*, 163 U. S. 325; *Leyson* v. *Davis*, 170 U. S. 36; *Capital National Bank* v. *First National Bank of Cadiz*, 172 U. S. 425. It follows, therefore, that as there is nothing within our competency to review, the writ of error must be and it is

*Dismissed for want of jurisdiction.*