[Civil No. 3344. Filed March 21, 1934.]

[30 Pac. (2d) 835.]

C. C. BROGOITTI and EVA A. BROGOITTI, Appellants, v. HORTENSE M. WALTER and PACIFIC AMERICAN FIRE INSURANCE COMPANY, a Corporation, Appellees.

Mr. Benton Dick and Mr. Stanley A. Jerman, for Appellants.

Mr. Walter J. Thalheimer, for Appellee Hortense M. Walter.

Messrs. Frazier & Perry, for Appellee Pacific American Fire Insurance Company.

LOCKWOOD, J.—This is an action by Hortense M. Walter and Pacific American Fire Insurance Company, a corporation, the latter hereinafter called the insurance company, to foreclose a mortgage on certain real estate in Maricopa county, owned at the time the action was begun by C. C. Brogoitti and Eva

A. Brogoitti, hereinafter called defendants. Judgment went in favor of plaintiffs, and the case was appealed to this court. It comes before us on an agreed statement of facts, and the only question is as to the application of the law to these facts. So far as is necessary for a determination of the case, they may be stated as follows:

On March 18, 1929, Marie Weatherford, a minor, was the owner of the property in question. On that day her guardian, J. M. Weatherford, pursuant to an order of the superior court, borrowed $1,500 from plaintiff Walter, and gave to her a promissory note in that amount, secured by a mortgage on the real estate. Thereafter, and on October 17, 1930, the guardian took out a policy of fire insurance covering a house on the premises with the insurance company, which contained the following provisions:

"This entire policy shall be void, unless otherwise provided by agreement in writing added hereto,
" . . . (d) If any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard). . . . "

There was also attached to said policy a standard mortgagee clause, in the form provided by the law of Arizona, which contained the following provisions:

"Subject to and in consideration of the terms, covenants and conditions set forth in this rider this insurance, as to the interest of the mortgagee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings, or notice of sale relating to said property, nor by any change in the title or ownership of said property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy. . . .
"6. Whenever this Company shall pay any mortgagee (trustee or beneficiary under deed of trust)

hereinabove named any sum for loss or damage under this policy, and shall claim that, as to the mortgagor, trustor or owner, no liability therefor existed, this Company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all security of every kind for the debt secured by such mortgage or deed of trust, and such mortgagee, (or trustee or beneficiary under deed of trust) shall, upon such payment, execute to this Company articles of subrogation evidencing the same. The Company may also, at its option, in such case, pay to such mortgagee, (or trustee or beneficiary under deed of trust) the whole principal due or to grow due on such mortgage or deed of trust, with interest, and shall thereupon receive a full assignment and transfer of such mortgage or deed of trust and all such other security; but no subrogation shall impair the right of the mortgagee, (or trustee or beneficiary under deed of trust) to recover the full amount of the claim of such mortgagee (or trustee or beneficiary under deed of trust).''

On March 9, 1931, Marie Weatherford, being then of age, conveyed the real estate to J. D. Weatherford, subject to the mortgage above mentioned, and on March 20th he conveyed it to L. W. Drake. Three days later the policy was assigned by Weatherford to Drake, and the assignment was approved by the insurance company, subject to all the provisions of the original policy. On May 1st Drake conveyed the property to the defendants, subject to the mortgage, and they paid to him, in addition to the agreed purchase price, $24.58, being the *pro rata* amount of the premium on the fire insurance policy referred to. This amount was not paid to the insurance company, and the policy of insurance was not formally assigned by Drake to defendants, nor were the plaintiffs notified of the change in ownership of the realty until after the fire, nor did the insurance company

ever approve of or consent to the policy being transferred to defendants.

On July 25th the dwelling-house on the premises was destroyed by fire. The plaintiffs determined between themselves that the reasonable value of the house was $1,320, which sum the insurance company paid to Walter, and demanded of her that she deliver to it articles of subrogation of a proportionate interest in the mortgage, in accordance with the terms of subdivision 6 of the mortgagee clause above set forth, which she did. Thereafter the defendants tendered to her a sum sufficient to pay the amount still due on the mortgage, if the $1,320 were applied thereon, which tender, however, was conditioned upon a satisfaction of the mortgage by Walter. The tender was refused.

The question before us is whether, upon this state of facts, the plaintiffs were entitled to foreclose the mortgage for the full $1,500, or whether the $1,320 paid by the insurance company to Walter, under the conditions of the policy as aforesaid, should have been applied in reduction of the mortgage. It is the rule, supported by an overwhelming weight of authorities, that a contract of insurance against loss or damage to property, though popularly called an insurance of the property, is in reality a contract to indemnify the owner against loss, and does not attach to or run with the land, if the insurance is upon real property. Since these policies are personal contracts and not negotiable instruments, they cannot be assigned so as to give any rights thereunder as against the insurer without the consent of the latter. The effect of this is that, in the absence of an agreement or statute to the contrary, so long as the original insured retains an interest in the property, he may recover upon the policy in case of loss, to an amount not exceeding the value of that interest, but that, if he parts with all his interest therein, the

policy is at an end, and the transferee of the property, even though the policy be assigned to him, has no rights thereunder, except upon the consent of all of the parties, the assignor, the assignee, and the insurer. This rule is reasonable, for the risk assumed by the insurer depends to a great extent upon the moral character and the circumstances of the insured, and the former has a right to know with whom it is contracting, and no new party can be thrust upon it without its consent. 1 Cooley's Briefs on Insurance, 2d ed., p. 116; 6 Couch, Cyc. Ins. Law, pp. 5138, 5139; Richards, Law of Insurance, 4th ed., p. 70; 26 C. J. 18, and cases cited. Such being the law, it is obvious that the insurance company never had any contractual relations with the defendants, or either of them. Its contract was originally with Weatherford, as guardian, and later, by written indorsement, it accepted Drake as the insured, but never accepted defendants as such. Not only this is true, but the policy itself, except so far as the rights of the mortgagee were concerned, by its terms became void upon the sale by Drake to defendants, for it was provided therein that it should be void "if any change other than by the death of insured take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard)." The sale by Drake to defendants was obviously a complete change in the interest, title and possession of the subject of insurance. *Arizona Fire Ins. Co.* v. *Dillingham,* 23 Ariz. 508, 205 Pac. 589.

It did not, however, defeat the interest of Walter in the policy, for the mortgagee clause attached thereto expressly provided that no act or neglect of the mortgagor or owner of the property should affect the interest of the mortgagee. *Germania Fire Ins. Co.* v. *Bally,* 19 Ariz. 580, 173 Pac. 1052, 1 A. L. R.

488; *Fidelity-Phoenix Fire Ins. Co.* v. *Garrison*, 39 Ariz. 277, 6 Pac. (2d) 47.

When the fire occurred then we find that the policy, as a matter of law, was void as to all persons except Walter. Such being the case, the defendants, having no interest therein, were not entitled to have the amount of the insurance credited upon the mortgage, and by the terms of the policy, when the insurance company paid Walter, whose rights were still in force, the $1,320 which it was agreed the destroyed property was worth, it was entitled to be subrogated to her rights in the mortgage to the extent of its payment on the policy.

It is the contention of defendants that the case of *Commercial Credit Co.* v. *Eisenhour*, 28 Ariz. 112, 236 Pac. 126, 128, 41 A. L. R. 1274, is decisive in their favor, and they quote therefrom as follows:

"In a conditional contract of sale with reserved title in the vendor, we think the situation is analogous to that of mortgagor and mortgagee, and governed by the same rules so far as questions of insurance are concerned. 26 C. J., p. 457.

"Now, where the policy was taken out at the mortgagor's expense to better secure the payment of the debt, the insurer, in case of loss by fire, is not subrogated to the rights of the mortgagee as against the mortgagor, but the amount paid on the policy operates *pro tanto* as payment of the debt. *Pendleton* v. *Elliott*, 67 Mich. 496, 35 N. W. 97; *Fire Association* v. *Patton*, 15 N. M. 304, 107 Pac. 679, 27 L. R. A. (N. S.) 426; *Kernochan* v. *Insurance Co.*, 17 N. Y. 428; *Cone* v. *Insurance Co.*, 60 N. Y. 619.

"Such being the case, we think it only logical that, when the loss has already occurred, even though the policy shows the mortgagee as the insured party, it may not by surrendering and canceling policy deprive the mortgagor of his vested right to have the proceeds of the policy applied in payment of the debt. . . . "

We reaffirm the rule of law therein stated, but we think it has no application to a case like this. In

that case the defendant sold an automobile under the usual conditional sales contract to one De La Mothe. At the time of the sale, in order to protect the interests of all the parties concerned, the latter took out a fire insurance policy on the auto, paying the premium therefor, but naming the defendant as the insured. The insurance agent who issued the policy represented the seller of the car, the insurance company, and the purchaser in the transaction, and knew all the facts in regard thereto. The company therefore knew that the policy was taken out by the purchaser and the premium paid by him for his protection. There is nothing to show that in this policy there were any such provisions as appear in the one in question, nor was their effect discussed in any manner. We stated that the situation was analogous to that of mortgagor and mortgagee; De La Mothe being in effect the mortgagor, and the defendant the mortgagee. De La Mothe had not sold his interest in the property, and there is no contention that his rights therein had ceased, or that the policy was not in full force and effect toward all the parties originally interested. In the present case the mortgagor had parted with his interest in the property, and the policy by its terms was void as to him. He therefore had no rights therein of any nature. So long as the mortgagor does not violate the terms of his policy, his rights cannot be defeated through subrogation of the insurer, but, when he has lost all right in the property, and when the policy has been terminated, so far as he or his assignees are concerned, by his act, there is nothing to prevent the express terms of the policy in regard to subrogation taking effect, and such was the situation under the facts in the present case. The tender made by defendants, being conditional, is no defense. *Pleasant* v. *Arizona Storage & Distributing Co.*, 34 Ariz. 68, 267 Pac. 794; *Somer-*

*ton State Bank* v. *Maxey*, 22 Ariz. 365, 197 Pac. 892, 14 A. L. R. 1117.

It is unfortunate for defendants that they did not have the insurance policy in question properly assigned to them by Drake and the assignment approved by the insurance company, but the law unquestionably is that, because of the absence of such an assignment and approval, they are not entitled to have the proceeds of the insurance policy credited on the mortgage. The judgment of the superior court of Maricopa county is affirmed.

ROSS, C. J., and McALISTER, J., concur.