LYDIA R. BUCHMAN and MAE K. TEMPEL, complainants-respondents,

*v.*

EMMETT V. B. SMITH, individually, defendant-appellant.

[Submitted May term, 1945. Decided September 27th, 1945.]

*Mr. Milton T. Lasher,* for the appellant.

*Mr. Richard H. Cashion,* for the respondents.

The opinion of the court was delivered by

OLIPHANT, J.

This appeal brings up for review two orders made in the Court of Chancery by Vice-Chancellor Bigelow, one denying

a motion by the defendant to dismiss the bill of complaint and to vacate an interlocutory injunctive order, and the other directing the defendant to appear and answer the bill of complaint and further directing that the order might be served by publication in this state and the mailing of a copy thereof to the defendant in New York State.

The bill of complaint charged that the late Ella L. W. Smith was a resident of Suffern, New York, and owned two mortgages covering lands owned respectively by defendants Domchick and Ryerson and located in Union and Essex Counties in this state. Just prior to her death Mrs. Smith delivered, in contemplation thereof. to the Suffern National Bank and Trust Company an envelope containing executed assignments of the mortgages, one assignment being to complainant Buchman and the other to complainant Tempel, with instructions to deliver them upon her death to the assignees named, which assignments were accepted and the instructions agreed to by the Suffern National Bank and Trust Company. Complainants asserted that they therefore became, upon the death of Mrs. Smith, owners of the mortgages. She died intestate and her husband, the defendant, Emmett V. B. Smith, was appointed administrator of her estate by the surrogate of Rockland County, New York. Shortly thereafter, according to the allegations of the bill, the defendant executed, fraudulently and willfully, assignments of the mortgages as administrator to himself individually, having full knowledge of his wife's actions, and recorded these in the register of deeds offices of Essex and Union Counties.

The bill prayed *inter alia* that complainants be declared the owners of the mortgages by virtue of the alleged gifts *causa mortis,* that defendant be enjoined from collecting any money on the mortgages and that the assignments by the defendant as administrator to himself individually be set aside.

An order to show cause, with temporary restraint, was made, a copy of which with the bill of complaint was served on defendant at his residence in Suffern. Defendant was granted leave to enter a special appearance and moved to dismiss the bill of complaint, asserting that no subpœna to answer could

be served upon him nor could there be within the time required by the rules and practice of the Court of Chancery, and that no final decree could be made against him. This was denied and an order made declaring appellant an absent defendant and providing for services upon him by publication and mailing to his residence in New York.

As to both orders the question presented is essentially one of jurisdiction and the only point argued is that the court could acquire none inasmuch as the action in one *in personam* and not *in rem* or *quasi in rem.*

The order to show cause was served in compliance with Chancery rule 212. Appellant had timely actual notice of the hearing. No statute or rule of court requires service of a rule to show cause within the state, and if the action is *in rem* or *quasi in rem,* an injunction may be granted against one not served within the state. In *Kempson* v. *Kempson, 63 N. J. Eq. 783,* it was said "for the purpose of giving effect to a preliminary injunction, nothing more is needed than that the defendant should have received due notice of the injunction." *Wilentz* v. *Edwards, 134 N. J. Eq. 522; Pennington* v. *Fourth National Bank, 243 U. S. 27.* Of course if this was an action *in personam* service upon the defendant of the bill of complaint and order to show cause outside the State of New Jersey would be violative of the due process clause of the Fourteenth Amendment of the Federal Constitution, *Pennoyer* v. *Neff, 95 U. S. 74,* but we do not conceive such to be the case.

Appellant says that these proceedings are *in personam* and rests his argument entirely on our opinion in *Hartman* v. *Collum, 126 N. J. Eq. 629.* That case is not controlling here. It is grounded on the decision of this court in *Cutts* v. *Najdrowski, 123 N. J. Eq. 481,* which concerned a transaction *inter vivos,* and was based on a writing which was not complete. The court pointed out in the *Hartman Case* that the object of the proceeding was to obtain physical possession of a mortgage. In that case for the complainant to receive the relief prayed for, it would have been necessary for the administrator to do some positive act, to assign the bond and mortgage, an order *in personam* would have had to be obtained.

In the instant case we are dealing with alleged gifts *causa mortis*. The great weight of authority is to the effect that title to such a gift passes to the donee on delivery, but remains subject to defeasance while the donor lives. *28 C. J. 697, note 10,* and cases thereunder cited. There was no revocation or defeasance here. While there must be delivery of the gift to the donee or to someone on his behalf the subject thereof does not of necessity, to constitute a valid gift *causa mortis,* have to be in the hands of the donee. It is sufficient delivery if placed in the hands of a third party by the donor with written instructions from which the third party may not depart and which the donor does not change. *Lumberg .v. Commonwealth Bank, 295 N. W. Rep. 266; Stagg v. Stagg, 300 Pac. Rep. 539.* Here there was a transfer of ownership by executed assignments and instructions to deliver same. Complainants may prove same by virtue of the assignments in the hands of their agent, the Suffern National Bank and Trust Co. *Wilson v. Stevens, 105 N. J. Eq. 377.* No act of the defendant is required to effectuate complainants' titles. This is not a case wherein a personal recovery or judgment is sought against the defendant, it seeks to foreclose him. The complainants ask nothing from him, they want nothing from him. What complainants do seek is a declaratory judgment that they own the mortgages, a judgment that will bind the defendant as well as the owners of the land so that the latter may safely recognize complainants' titles. All the decree need do, if granted, to effectuate that title is to declare the defendant's assignments void and by proper order cancel the records thereof in the Union and Essex County registers' offices.

It is true the instruments are not physically in this state but we are not presently concerned with that question. Whether or not there was a valid gift *causa mortis* to complainants is a matter to be determined after final hearing and it may then develop that if physical possession of the instruments is necessary by either party, other or ancillary proceedings will have to be instituted.

The question posed for our determination is—are mortgages physically in another state but covering lands in this state

such an interest in those lands that an action with respect to those mortgages, under the facts exhibited in the instant case, becomes one *in rem* rather than one *in personam* so that the defendant may be required to appear and answer?

That jurisdiction depends upon physical power is fundamental and as said by the learned Vice-Chancellor in his opinion "Jurisdiction *in rem* rests upon a *res* within the control of the court and subject to the exercise of its power. The *res* need not be in the custody of the court, as it is, for example, when seized on a writ of sequestration. It is enough that the *res* be within the state and in the possession of the complainant, or a resident defendant who has been brought into court by service within the state and through whom the court can exercise power over the *res*."

The mortgages in question are interests in and liens upon lands situate in this state. *Feldman* v. *Warshawsky, 125 N. J. Eq. 19.* The mortgages are not merely security for the bonds accompanying them but these lands are the primary fund for the payment of the debts evidenced by the mortgages and the mortgagees, or their assignees, must first proceed by foreclosure against the lands to collect the debts. *R. S. 2:65–2.* These lands are owned by resident defendants who are in court by service upon them within the state and through whom the court can exercise power over the *res*. A court which has acquired jurisdiction over the land has also jurisdiction *in rem* over the mortgage against that land.

An action involving title to liens against real property situate in this state, when no personal judgment is required against a party to effectuate ownership, is a proceeding *in rem*. Inasmuch as this is such a proceeding and the parties were properly before the court, the orders appealed from are affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, COLIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, JJ. 14.

*For reversal*—None.