439 P.2d 551

STATE ex rel. Fred HILL, Bonnie Hill, Mary Alice Edwards, and Blease Tibbets, Petitioners,

v.

DISTRICT COURT OF the EIGHTH JUDICIAL DISTRICT, Sitting WITHIN AND FOR the COUNTY OF COLFAX, C. R. McIntosh, Judge, Respondent.

No. 8573.

Supreme Court of New Mexico.

April 8, 1968.

Robert S. Skinner, Raton, for petitioners.

Wright & Kastler, Raton, for respondent.

## OPINION

CARMODY, Justice.

The question in this original proceeding relates to the jurisdiction of the trial court over non-resident defendants who were served by constructive service, albeit personal, in Texas. We issued an alternative writ of prohibition so that we could fully consider the trial court's action in overruling motions to dismiss for lack of jurisdiction.

The following are the basic material facts: Durham obtained a personal judg-

ment against the Hills (husband and wife) in Colfax County, New Mexico. A little more than a year prior to this judgment, the Hills executed and recorded in Colfax County a deed to certain real estate located there, and then delivered the deed to their daughter, Mrs. Edwards, in Texas. Durham brought suit against the Hills and Mrs. Edwards to set aside the deed as fraudulent and to foreclose the judgment lien. An amended complaint was filed, seeking the same relief but joining Tibbets as a party-defendant because he is the holder of a mortgage deed executed by Mr. Hill. All of the parties are residents of Texas, and all were personally served in that state. The Hills and Edwards have used the property during the summer, paid the real estate taxes, and Mrs. Edwards made some improvements. The Tibbets mortgage was entirely a Texas transaction, except that the mortgage itself was recorded in Colfax County. On the basis of the above, the district court found that the defendants had been properly served pursuant to § 21–3–16, N.M.S.A. 1953, the so-called "long-arm" statute. The defendants, petitioners here, then sought prohibition.

Without intending to over-simplify, it might be stated that the petitioners urge that the proceeding in the district court is one in personam and that it cannot proceed absent personal service upon the defendants. In this connection, it is strongly argued that the "long-arm" statute has no application to this type of a proceeding. On the contrary, respondent argues that, inasmuch as the property is located in New Mexico, only this court can completely adjudicate the matters involved, because the action is quasi in rem. Respondent relies on the "long-arm" statute, as a more or less secondary basis to sustain the trial court's jurisdiction.

█ We have no difficulty in determining that the service obtained on the Hills and Edwards was proper and sufficient to vest the court with jurisdiction over them. The title to New Mexico property is directly brought in issue, and it is only the New Mexico court that can dispose of the contentions involving the alleged fraudulent conveyance, Castellano v. Osborne (2d Cir. 1928), 16 F.2d 187, and the foreclosure of the judgment lien, Fire Association v. Patton, 1910, 15 N.M. 304, 107 P. 679, 27 L.R. A.,N.S., 420. No personal relief is sought, and the decree of the court will only operate as to these parties. There can be no deficiency judgment. The cause is plainly *quasi in rem*, the generally-accepted definition being: That which affects only the interest of particular persons in specific property as distinguished from proceedings in rem which determine interests in specific property as against the whole world. See, Restatement, Judgments, § 32, Comment a, 1942; Avery v. Bender, 1964, 124 Vt. 309, 204 A.2d 314.

█ The section of the fraudulent conveyance statute (§ 50–14–9, N.M.S.A.1953) is ample authority to justify the trial court's assuming jurisdiction over the Hills and Mrs. Edwards, because the title to the property is directly attacked. If the plaintiff in the trial court can prove that the deed was fraudulent, then the conveyance to Mrs. Edwards would be void insofar as it would prevent the imposition of Durham's judgment lien. Under these circumstances, service by publication is authorized by § 21–1–1(4) (g), N.M.S.A.1953. See, International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057. Although petitioner insists that Rosser v. Rosser, 1938, 42 N.M. 360, 78 P.2d 1110, and State ex rel. Truitt v. District Court of Ninth Judicial Dist., Curry County, 1939, 44 N.M. 16, 96 P.2d 710, 126 A.L.R. 651, require a contrary result, we cannot agree. Rosser was a case seeking to cancel a note and mortgage, and we there held that the action was in personam because any "decree would operate upon the person of the defendant and not upon the property." It is obvious that just the contrary is true here. The Truitt case involved an attempted reformation of a sublease and it was there determined that personal serv-

ice within the state was required before the court could acquire jurisdiction over the defendant. The holding of the Truitt case is in accordance with the weight of authority. However, the lengthy opinion contains various statements that were not necessary for that decision. The case sought reformation and, under the facts there present, constituted an action in personam. Thus any discussion in the opinion of other types of action was dicta and will not be considered as binding upon us. Actually, we take note of the fact that portions of the opinion have been relied upon by both parties to this proceeding. In any event, we do not consider Truitt as authoritative as to the issue before us.

A case more nearly in point, although arising under different facts, is Atler v. Stolz, 1934, 38 N.M. 529, 37 P.2d 243, which was, as is the instant proceeding, a suit to set aside a conveyance and to sell the property to satisfy a judgment. Although this court held that the case was brought in the wrong county and therefore required reversal on the venue basis, it nevertheless held that the action was in rem and remanded the case, without prejudice, "to the institution of a new suit in the proper county." In its decision, the court emphasized that any decree would act directly upon the realty and therefore that jurisdiction in the venue sense could not be waived.

In view of our determination that this is an action quasi in rem insofar as it relates to the Hills and Mrs. Edwards, we do not consider whether § 21-3-16, supra, is applicable to these facts.

The problem relating to the service of process on the mortgagee Tibbets involves somewhat different considerations than those above discussed. In this jurisdiction, it is well settled that a mortgage is merely a lien on, and passes no estate or interest in, the mortgaged premises. Stearns-Roger Mfg. Co. v. Aztec Gold Min. & Mill. Co., 1908, 14 N.M. 300, 93 P. 706; Cleveland v. Bateman, 1915, 21 N.M. 675,

158 P. 648; Eccles, Artesian Well Supervisor v. Will, 1918, 23 N.M. 623, 170 P. 748, L.R.A.1918C, 1022; and Griffith v. Humble, 1942, 46 N.M. 113, 122 P.2d 134. So, without more, the implication would seem to follow that the mortgagee's claim is not such as would relate directly to the property in order to justify "in rem" jurisdiction. However, we have also had occasion to hold that there are two separate remedies available to a note-holder mortgagee. We said in Porter v. Alamocitos Land & Livestock Co., 1927, 32 N.M. 344, 256 P. 179, that:

> "One who holds a note secured by a mortgage has two separate and independent remedies, which he may pursue successively or concurrently; one is on the note against the person and property of the debtor, and the other is by foreclosure to enforce the mortgage lien upon his real estate."

See, also, Mozley v. Potteiger, 1933, 37 N.M. 91, 18 P.2d 1021; Fuqua v. Trego, 1943, 47 N.M. 34, 133 P.2d 344; and Curtis Manufacturing Company v. Barela, 1966, 76 N.M. 392, 415 P.2d 361.

Thus it appears that Tibbets has a right to proceed against the Hills on the note, and this would be, of course, an action in personam, which would not be before the court as the proceedings now stand. However, as we view the pleadings in the case below, the reason for joining Tibbets was not to controvert the note, but was to determine what right Tibbets had in the property and to obtain priority in favor of the judgment creditor, if the court determined that the judgment lien should be foreclosed. The validity of the note is not an issue in the case. In this context, therefore, the jurisdiction of the court relates only to the property itself, not to the mortgagee's right of action against his debtor. The only effect of the litigation, if the plaintiff below is successful, will be to make the mortgage lien secondary to the judgment lien. Any decree would act directly upon the realty, the "res," not upon the person of the defendant. Atler v. Stolz, supra.

**36**

We cannot refrain from observing that, if Tibbets wished to bring an action to foreclose his mortgage, such a proceeding would, of necessity, have to be brought in New Mexico and in Colfax County. When this is considered, it should be apparent that an anomalous situation would result, if the plaintiff below could not have his claim adjudicated in this state where the property is located, merely because of the non-residence of a mortgagee who has taken advantage of the New Mexico statute to record his lien upon property located in this state. Cf., Sullivan v. Albuquerque National Trust & Savings Bank, 1947, 51 N.M. 456, 188 P.2d 169; see, Annot., 161 A.L.R. 1073, and see Buchman v. Smith, 1945, 137 N.J.Eq. 215, 44 A.2d 179, 161 A.L.R. 1069, involving a very similar problem and in which "out-of-state" service was sustained. Although there are some differences between the New Jersey decisions and ours as to mortgages being an interest in land, nevertheless the following is especially pertinent:

> "An action involving title to liens against real property situate in this state, when no personal judgment is required against a party to effectuate ownership, is a proceeding in rem."

This language is approved by us, except only that, by reason of the facts here present, the action is quasi in rem, rather than in rem.

We conclude that the service of process upon all of the defendants below was proper, although upon a different basis than that relied upon by the trial court. We see no necessity to consider whether or not § 21–3–16, supra, is applicable to the facts here present, as the court below obtained jurisdiction over the parties without the need to rely upon the "long-arm" statute.

The alternative writ will be quashed as improvidently issued. It is so ordered.

CHAVEZ, C. J., and NOBLE, MOISE and COMPTON, JJ., concur.